**ALLANDALE NURSING HOME, INC., et al., Appellants,**

v.

**JOHN BREMOND COMPANY, INC., Appellee.**

No. 12179.

Court of Civil Appeals of Texas, Austin.

Oct. 16, 1974.

Rehearing Denied Nov. 6, 1974.

Elvis G. Schulze, Kemp & Prud'homme, Austin, for appellants.

John W. Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellee.

SHANNON, Justice.

Appellee, John Bremond Company, Inc., as landlord, sued appellants, Allandale Nursing Home, Inc., H. R. Nassour, George Brotherton, and Helen Nohra in the district court of Travis County for the

rental value of a nursing home located in Austin. Upon trial to a jury, judgment was entered for appellee for a total of $23,880.00, including attorney's fees. We will affirm that judgment.

According to the pleadings, appellant Allandale Nursing Home, Inc. leased the nursing home premises from appellee under a written agreement. Appellee terminated the lease in July of 1969 for Allandale's failure to pay rentals. After termination of the lease, Allandale refused to vacate. Appellee filed a forcible detainer suit in justice court against Allandale on August 21, 1970, and obtained an order requiring Allandale to quit the premises. Because Allandale refused to leave, appellee obtained possession of the premises by a writ of restitution issued in the justice court suit. The property of Allandale located on the premises was held on the premises by appellee by virtue of a distress warrant issued at the same time.

By its suit appellee sought to recover the rental value of the premises from the time the lease was terminated until the time Allandale quit the premises. Appellee also sought attorney's fees from Brotherton and Nassour.

This appeal is concerned, in part, with two of the four special issues submitted. In response to those two issues the jury answered that the reasonable attorney's fee for representing appellee in the justice court suit was $1,000.00 and that the reasonable attorney's fee for representing appellee in the district court suit was $2,200.00. Based upon the answers of the jury the court entered a judgment which provided, among other things, that appellee recover from H. R. Nassour $3,200.00 as attorney's fees.

By seven points appellants complain of the refusal of the trial court to permit answers from a number of witnesses in response to their counsel's questions. The excluded answers do not appear in the statement of facts or by a bill of exceptions. For appellate review it is necessary that the record reflect what the excluded evidence was. It follows that appellants' points will be overruled. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W. 2d 698 (1940).

Appellants devote two points of error to the allowance in evidence of testimony relating to their "hopeless financial condition." A reading of appellants' motion for new trial shows that the admission of that evidence was not assigned as error. Accordingly, the matter of the admissibility of that testimony was not preserved for appellate review. Texas Rules of Civil Procedure, rule 374, St. Louis Southwestern Railway Company v. Gregory, 387 S. W.2d 27, 29 (Tex.1965).

By their tenth point of error appellants contend that the court erred in awarding appellee reasonable attorney's fees for its representation in the justice court suit. This was error, appellants say, because the judgment for attorney's fees obtained in the justice court barred appellee's recovery in district court for that representation by reason of the doctrine of *res judicata*. A threshold problem with appellants' contention is that they did not plead *res judicata* in response to appellee's pleading for attorney's fees for representation both in the justice court suit and the district court suit. Tex.R.Civ.P. 94 requires that affirmative defenses, such as *res judicata*, be pleaded, and in the absence of such pleading, those defenses are waived. Petroleum Anchor Equipment, Inc. v. Tyra, 419 S.W.2d 829 (Tex.1967).

The judgment is affirmed.

Affirmed.