506 F.2d 233
 165 U.S.App.D.C. 172
 DOROTHY W. JACKSON et al., Individually and on behalf of all
others similarly situated, Appellants,
v.
James T. LYNN, Individually and as Secretary of the
Department of Housing and Urban Development, and
United States of America, et al.
 No. 73-1510.
 United States Court of Appeals, District of Columbia Circuit.
 Argued March 8, 1974.
Decided Oct. 17, 1974.
 
 G. Dan Bowling and Michael Diamond, Washington, D.C., for appellants.
 Robert P. vom Eigen, Atty., Dept. of Housing and Urban Development, of the bar of the supreme Court of Connecticut, pro hac vice, by special leave of court, with whom Harold H. Titus, Jr., U.S. Atty. at the time the brief was filed, John A. Terry, Thomas G. Corcoran, Jr., and Michael G. Scheininger, Asst. U.S. Attys., and Arthur J. Gang, Atty., Dept. of Housing and Urban Development, were on the brief, for appellee. Earl J. Silbert, U.S. Atty., also entered an appearance for appellee.
 Before HASTIE,* Senior Circuit Judge, and WRIGHT and WILKEY, Circuit Judges.
 HASTIE, Senior Circuit Judge:
 
 
 1
 Each of the appellants purchased a house in the District of Columbia, giving a mortgage which the Federal Housing Administration (FHA) insured pursuant to section 221 of the National Housing Act as amended, 12 U.S.C. 1715l (1970). Later, they joined in this suit against the United States and three federal administrators of the FHA program. The complaint alleged that various real estate brokers led plaintiffs, inexperienced home buyers making their first such purchases, to believe that the houses were in FHA approved condition, and that the government would stand by the houses. It further alleged that the brokers purposely deterred plaintiffs from adequately inspecting the houses prior to purchase, asserting that the government would require repair of any defective conditions or that the brokers themselves would make any necessary repairs after purchase. Defects were never repaired, and the houses as sold were and are in violation of the Housing Regulations of the District of Columbia.
 
 
 2
 Appellants sought to represent the class of all persons in the District of Columbia who have purchased, are in the process of purchasing, or will purchase homes with mortgages insured pursuant to section 221. They sought a declaration that subsection (d)(2) allows the Secretary to insure mortgages only if the houses comply with local housing regulations, and an injunction to restrain defendant officials from insuring mortgages on homes which do not so comply. Appellants also sought damages from the United States equal to the difference between the value of their homes when purchased and the value their homes would have had when purchased had they then conformed to the housing code; or, as an alternative to damages, an order requiring the FHA to finance appellants' purchases, without down payment, of other homes in proper repair by insuring mortgages for the entire purchase price.
 
 
 3
 On defendants' motion the district court dismissed the damage claim for lack of jurisdiction and the requests for injunction and prospective declaratory relief for lack of standing. 1973, 355 F.Supp. 737. The request for a declaration that plaintiffs' mortgages were illegally insured was dismissed for failure to state a claim on which relief could be granted.[1]
 
 
 4
 On this appeal the district court's jurisdiction over all of the claims is challenged. However, this court has recently determined that section 10 of the Administrative Procedure Act, 5 U.S.C. 701-706 (1970), constitutes an independent grant of jurisdiction to the district courts. Pickus v. United States Board of Parole, 1974, 165 U.S.App.D.C. , 507 F.2d 1107 (1974) and cases cited therein. Thus, the district court had jurisdiction over all claims that challenged 'agency action' as that term is defined in the Act, 5 U.S.C. 551. District court jurisdiction over the damage claim, subject however to possible sovereign immunity bar, exists under 28 U.S.C. 1346(a)(2), since this is an action for less than $10,000 founded upon the National Housing Act, an Act of Congress. Cf. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.[2]
 
 
 5
 The record contains neither a certificate or any showing that the district court agreed to hear this case as a class action, nor any judicial pronouncement to define the scope of the class. Rule 23(c)(1), F.R.Civ.P. provides for a determination by order of the district court whether an action brought as a class action may be so maintained. Courts have treated an affirmative order under that Rule as prerequisite to class action maintenance whether or not the defendant challenges the class action allegations. E.g., Dorfmann v. Boozer, 1969, 134 U.S.App.D.C. 272, 414 F.2d 1168, 1171 n. 8; Davis v. Romney, supra n. 2. Thus, this court may not consider this appeal as a class action, and may reach issues only to the extent that named plaintiffs are affected.
 
 
 6
 Damages are sought only against the United States. The plaintiffs predicate their damage claim upon the Tucker Act which gives the district courts jurisdiction over any 'civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon . . . any Act of Congress'. 28 U.S.C. 1346(a)(2). Thus, to state a cause of action for damages plaintiffs must rely upon an Act of Congress which expressly or impliedly creates a statutory right to such relief. For jurisdictional purposes it may suffice that a plaintiff is attempting to show that conduct of which he complains violates an Act of Congress. But to state a claim upon which relief may be granted his contention as to the meaning and reach of that Act must be legally correct. He must show that a statute, properly construed, sanctions a private claim against the government, and for the payment of money at that.
 
 
 7
 The plaintiffs assert that HUD's action in insuring their mortgages on dwellings that were not in conformity with the Housing Regulations of the District of Columbia violated the requirement of section 221(d)(2) of the National Housing Act that, in order for a mortgage to be insurable under this section a dwelling must meet 'the requirements of all State Laws, or local ordinances or regulations, relating to the public health or safety . . . which may be applicable thereto . . ..' For present purposes we assume that this is correct in fact and in law. But beyond that, plaintiffs must show that section 221(d)(2) confers upon them a right of redress against the United States for HUD's violation of its statutory duty. The National Housing Act contains no language to this effect. So plaintiffs must establish that a private right to recover from the United States is properly implied.
 
 
 8
 Appellants rely specifically on no more than brief comments of Mr. Cole,Administrator of the Housing and Home Finance Agency, at the 1958 House hearings and Senator Douglas at the 1959 Senate hearings.[3] The 1958 House proceedings consumed several full days of testimony and more than seven hundred published pages. Questions of finance, raised ceilings, interest rates, expanded scope of housing programs, and the like occupied by far the greatest part of the testimony of various interested groups. Mr. Cole's isolated comment related to mortgage co-insurance proposals under which the lender and insurer would share the risk, although apparently the lender's risk would be minimal. He was not speaking of any existing FHA program. Such a comment on a different section and scheme cannot support an implication that section 221(d) (2) was intended to benefit buyers who normally look to their sellers for redress when their property proves defective.
 
 
 9
 Similarly, the context of Senator Douglas' equally brief comment during the Senate hearing shows that it is at best tangentially relevant here. His point was that the purpose of the public housing program was not limited to rehousing in public projects persons displaced by government clearance and construction activity, but included moving from unsatisfactory living conditions into public housing persons unaffected by such activity. Its relevance here is minimal since section 221 is not a public housing provision. Thus, the cumulative weight of the two cited passages is unimpressive. Appellants have not cited other particular comments in the hearings, and we have found none that support the implication they would draw.
 
 
 10
 In addition, the effort to imply a cause of action is impeded in this case because it requires a conclusion of waiver of sovereign immunity. Courts should not lightly imply that the United States has consented to forego the normal immunity of the sovereign from suit.[4]
 
 
 11
 It also merits consideration at this point that on March 2, 1972 the Senate passed Senate Bill 3248, which later died in the House Committee on Banking and Currency. That bill would have authorized HUD to correct, or compensate mortgagors for, defects in their homes that had been insured under section 221. A 1970 amendment to the Act had conferred that benefit upon section 235 mortgagors. 12 U.S.C. 1735b. The later abortive legislative effort to grant equivalent relief to section 221 mortgagors indicates that the Senate, at least, did not view existing law as entitling section 221 mortgagors of defective houses to redress from the government.
 
 
 12
 For these reasons we hold that the claim against the United States for damages failed to state a cause of action upon which relief could be granted.
 
 
 13
 We now consider plaintiffs' claim, alternative to damages, for corrective administrative action that could result in their acquisition of homes other than their present defective ones. Arguably, such a remedy might be considered in this case, viewed as judicial review under section 10(a) of the Administrative Procedure Act, 5 U.S.C. 702, of 'agency action' violative of section 221(d)(2) that has injured the plaintiffs. But plaintiffs do not allege and the record does not suggest that plaintiffs have asked the agency for the relief under discussion. Thus, the 'agency action' under review cannot be denial of any request. Hence, the only action which can be complained of is the agency's policy and practice of insuring mortgages on non-conforming dwellings. But under that approach the power of the reviewing court is limited in a way that precludes the relief now under consideration.
 
 
 14
 Section 10(e) of the Act, 5 U.S.C. 706, states the applicable scope of review. The court may only hold unlawful and set aside wrongful agency action, 706(1), and compel action unlawfully withheld or delayed, 706(2). Holding unlawful past insuring practices would not achieve the affirmative relief plaintiffs desire. Moreover, they cannot establish that the relief they seek is 'action unlawfully withheld' since, as noted above, there is nothing in the record to suggest that they have requested it from the agency. Thus, the desired insuring of new homes for plaintiffs may not be ordered by way of judicial review of agency action under the Administrative Procedure Act.
 
 
 15
 Finally, appellants have urged that, whatever may be decided about their other prayers for relief, the court should issue an injunction or hand down a declaratory judgment authoritatively determining that section 221 imposes upon HUD a legal duty to require that dwellings conform to the requirements of the local housing code before it grants section 221 mortgage insurance. This aspect of the controversy, which focuses upon HUD's anticipated future conduct, has now become moot.
 
 
 16
 In its brief, the government has informed this court that HUD has changed policy and practice and now requires that a dwelling comply with the applicable local housing code in order to qualify for mortgage insurance under section 221(d)(2). Moreover, it is now required that compliance be evidenced at each closing by a letter from the local code enforcement agency so certifying.
 
 
 17
 Of course, as concerns the alleged wrongful injury that plaintiffs already have suffered, full relief is being sought through damages or alternative corrective action, and we have found that plaintiffs have not stated a cause upon which relief can be granted. Therefore, no significant interest of the plaintiffs would be served by a declaratory ruling whether or not Congress limited the insurance program under section 221 to homes that comply with local codes. Cf. Gross v. Fox, 3d Cir. 1974, 496 F.2d 1153.
 
 
 18
 For these reasons, the judgment dismissing this suit is
 
 
 19
 Affirmed.
 
 
 
 *
 Of the Third Circuit, sitting by designation pursuant to 28 U.S.C. 294(d) (1970)
 
 
 [1]
 The district court assumed arguendo that plaintiffs had standing to obtain such a judgment. 355 F.Supp. at 742
 
 
 [2]
 An alternative source of jurisdiction over all but the damage claim is asserted under 28 U.S.C. 1337. The legislative debates strongly suggest that a primary purpose of the Act was to stimulate interstate commercial activity as a means of combating the economic depression in existence in 1934. 78 Cong.Rec. 11191, 11973 (1934). So reasoning, the Court of Appeals for the Third Circuit has held that the Act is sufficiently related to the commerce power to bring it within the 1337 jurisdiction. Davis v. Romney, 3d Cir. 1974, 490 F.2d 1360
 
 
 [3]
 Housing Act of 1958, Hearings before the Subcommittee on Housing, Committee on Banking and Currency, House of Representatives, 85th Cong., 2d Sess. (1958); Housing Act of 1959, Hearings, Senate Banking and Currency Committee, 86th Cong., 1st Sess. (1959). The statements relied upon appear at p. 15 of the House hearings and p. 145 of the Senate hearings
 
 
 [4]
 We do not agree with a suggestion by the Court of Claims that the Tucker Act's jurisdictional designation of the district courts as the forum in which claims against the United States for monetary awards may be litigated constitutes a waiver of sovereign immunity from suit on claims not otherwise authorized. National Bank of Newark v. United States, 1966, 174 Ct.Cl. 872, 357 F.2d 704