**Eleanor MORRISON, Plaintiff,**

v.

**Herbert K. MORRISON and the United States Department of the Air Force, Defendants.**

**Civ. A. No. CA–6–75–8.**

United States District Court,
N. D. Texas,
San Angelo Division.

Feb. 13, 1976.

---

Justin A. Kever, Kever & Ratliff, San Angelo, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., for U. S. Dept. of A. F.

## ORDER OF DISMISSAL

WOODWARD, District Judge.

The United States has filed a motion to dismiss for failure to state a claim upon which relief can be granted and a brief in support thereof. The plaintiff has responded with a brief in opposition to said motion. In examining said briefs, the court noted that there was a genuine question as to jurisdiction. After having considered the jurisdictional question, the court is of the opinion that the following order should be entered.

It is universally recognized that the federal courts are courts of limited jurisdiction and are empowered to hear only those cases authorized to be heard by a jurisdictional grant from Congress pursuant to Article III of the United States Constitution. *See Wright, Federal Courts* 15 (2d ed. 1970). One principle which stems from this characteristic of the federal courts is that in any given case, the court is presumed to lack jurisdiction. This presumption must be overcome by a conclusive showing that the court indeed is endowed with jurisdiction over the subject matter of the action. *Wright, supra.* Further, the court must dismiss an action in which there is a lack of subject matter jurisdiction, even if the jurisdictional defect is noted by the court and not raised in a motion of the parties. *See Fed.R.Civ.P.* 12(h)(3). A search for a jurisdictional base in the present case has revealed that the court lacks subject matter jurisdiction.

The plaintiff's pleadings state that the action "is a suit for enforcement of child support . . . authorized by the provisions of public law 93–647. . . ." Public law 93–647, codified as 42 U.S.C. § 659 (1975), reads as follows:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual

of his legal obligations to provide child support or make alimony payments."

Mrs. Morrison in the present action seeks a writ of garnishment against the Air Force in order to garnish retirement payments due to Mr. Morrison as a retired officer. Although section 659 undoubtedly has some application to a case such as this, the question is the effect of its application as far as jurisdictional considerations are concerned.

Section 659 was passed by Congress in order to do away with the barrier of sovereign immunity in suits to garnish payments due to federal employees. The legislative history of Public Law 93–647 contains the following passage:

> At the present time, the pay of Federal employees, including military personnel, is not subject to attachment for purposes of enforcing court orders, including orders for child support or alimony. The basis for this exemption is apparently a finding by the courts that the attachment procedure involves the immunity of the United States from suits to which it has not consented.

4 *United States Code Congressional and Administrative News*, p. 8157 (1974). The above passage states the problem with which Congress was faced—that of the sovereign immunity of the United States. The solution was to enact a statute that would waive such immunity; indeed, this waiver is the purpose and effect of section 659. In contrast, however, it neither purports to nor does it create a statutory right to relief by way of garnishment, but it merely removes the government's immunity from a garnishment proceeding authorized under state law without conferring jurisdiction upon the federal courts to entertain such actions. Had Congress intended for section 659 to confer such jurisdiction, it could have drafted the statute in the manner in which the following section, section 660, was drafted; it begins "[t]he district courts of the United States shall have jurisdiction . . .." 42 U.S.C. § 660 (1975). As can be seen, section 659 does not provide an independent jurisdic-

tional base upon which an action can be maintained in federal district court. If jurisdiction is to attach, it must be by some way of some other statute.

The statute that immediately comes to mind is 28 U.S.C. § 1346(a)(2) which provides that the district court shall have original jurisdiction of any claim against the United States "founded . . . upon . . . any Act of Congress. . . ." (The amount claimed in the complaint was $9,700, which is under the $10,000 limit of section 1346(a)(2). The amount in arrears has now increased to approximately $11,300. Consequently, this opinion will also discuss the applicability of 28 U.S.C. § 1331 which has an amount in controversy requirement of in excess of $10,000.) Jurisdiction can be asserted properly if the plaintiff's claim is "founded upon" an act of Congress. This court is of the opinion that a statute which waives sovereign immunity is not one upon which an action can be founded. Rather, a statute upon which a claim can be founded is one which expressly or impliedly creates a right to relief. *Jackson v. Lynn*, 165 U.S.App. D.C. 172, 506 F.2d 233 (1974). Section 659 in no way purports to establish a federal right to garnishment. Indeed, Chief Judge Arnow of the Northern District of Florida, when dismissing a section 659 action, stated that "the recent Act of Congress does not contemplate nor allow the writ of garnishment to be issued by this court. Any such writ must be issued in state court." *Carroll v. Carroll*, No. P–Misc. 75–63 (N.D. Fla. 1975). Thus, section 659 does waive the sovereign immunity of the United States in garnishment proceedings brought against federal employees in order to enforce child support or alimony obligations, but there is no statutory jurisdictional base by which the federal courts can assert jurisdiction over such actions.

The problem is somewhat analogous to the situation presented by 28 U.S.C. § 2409a, which provides that the United States may be named as a defendant in an action to quiet title to real property in which the United States claims an interest. The statute waives the sover-

**318**

eign immunity of the United States to such actions. Without more, however, the district court could not entertain jurisdiction over such an action, for the statute does not confer jurisdiction on the federal courts. *Wright, Miller and Cooper*, 14 *Federal Practice and Procedure* § 3656 at 209 (1976). Jurisdiction over such actions is provided specifically by 28 U.S.C. § 1346(f). Section 659, however, has no complementary statute that provides jurisdiction.

A similarly fatal jurisdictional defect is presented if the action is based upon 28 U.S.C. § 1331. Commonly known as the federal question statute, section 1331 provides that the district courts shall have exclusive jurisdiction of all actions which arise under the laws of the United States. To "arise under" the laws of the United States, a right created by such laws must be an essential element of the plaintiff's cause of action. *See Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Robison v. Wichita Falls & North Texas Community Action Corporation*, 507 F.2d 245 (5th Cir. 1975). As has been held herein, section 659 does not create a right to garnishment, for that is a right provided by state law. *See Carroll, supra.* Consequently, this court does not have jurisdiction pursuant to section 1331 because 42 U.S.C. § 659 only removes the government's immunity and does not create a right to garnishment under federal law.

For the above stated reasons, this court is of the opinion that it lacks original jurisdiction over claims for writs of garnishment on the United States notwithstanding the Congressional waiver of sovereign immunity to such suits. Actions for garnishment as enforcement of child support obligations properly belong in state court unless and until Congress expressly grants the federal courts jurisdiction over such actions. Consequently, it is hereby ordered that this case be dismissed for lack of subject matter jurisdiction without prejudice to the right of the plaintiff to bring such action in state court.

The Clerk will furnish a copy hereof to each attorney.