338 So.2d 869 (1976)
Arthur M. WILLIAMS, Appellant,
v.
Katharina K. WILLIAMS and the United States of America, Appellees.
No. CC-316.
District Court of Appeal of Florida, First District.
October 13, 1976.
Rehearing Denied November 19, 1976.
*870 Joel M. Cohen, Pensacola, for appellant.
James D. Swearingen, of Harrell, Wiltshire, Stone & Swearingen, and Nicholas P. Geeker, U.S. Atty. and J. Worth Owen, Asst. U.S. Atty., Pensacola, for appellees.
SMITH, Judge.
By interlocutory appeal, Mr. Williams complains of the circuit court's order for writ of garnishment subjecting his United States retirement benefits to payment of $5,735.72, plus costs, to Ms. Williams, his former wife, in satisfaction of a Florida judgment for arrearages payable by Mr. Williams under a Texas divorce decree. The United States has consented to be sued for the enforcement of any legal obligation by Mr. Williams to "make alimony payments." 42 U.S.C. § 659.
Mr. Williams, supported in his argument by the United States Attorney, urges that the payments required of him by the Texas divorce decree were not for "alimony." As a community property state, he argues, Texas forbids alimony as against public policy. McBride v. McBride, 256 S.W.2d 250 (Tex.Civ.App. 1953). In dividing the parties' community property, the Texas decree provided:
"(3) The retired Pay Account of Petitioner, ARTHUR M. WILLIAMS, is hereby divided 19/48 to Respondent, KATHARINA K. WILLIAMS, and 29/48 to ARTHUR M. WILLIAMS as to said Account and all future payments and benefits therefrom.
"If Federal Statutes or regulations prevent the direct payment to Respondent of her share in such retired pay account as and when payments are made, then, in that event, the Respondent is hereby awarded a sum of money equal to 19/48 of the gross monthly retired service pay of Petitioner, ARTHUR M. WILLIAMS, as and when monthly payments are received by him from said retired pay account as a money judgment against Petitioner, and for the recovery of which execution may issue in case of nonpayment; or enforcement of this award and judgment may be had in any manner provided by law... ."
Like the well-known rose by another name, these postmarital benefits of the Texas decree are tantamount to alimony for the purposes of statutes of the United States securing the enforcement of state alimony awards. See In re Nunnally, 506 F.2d 1024 (5th Cir.1975), in which the Court of Appeals held a similar Texas award of pension benefits was "alimony" within the meaning of § 17 of the Bankruptcy Act, 11 U.S.C. § 35(a), providing that debts "for alimony due or to become due" are not dischargeable in bankruptcy. For the same reasons, liquidated arrearages due Ms. Williams may be considered "alimony" for purposes of 42 U.S.C. § 659 notwithstanding that the "alimony" may be offensive to Texas policy.
Interlocutory appeal dismissed.
BOYER, C.J., and MILLS, J., concur.