The UNITED STATES of America, Appellant,

v.

Dorothy M. STELTER, Appellee.

No. 6586.

Court of Civil Appeals of Texas, El Paso.

June 22, 1977.

Rehearing Denied July 6, 1977.

**228**

John E. Clark, U. S. Atty., Michael T. Milligan, Asst. U. S. Atty., El Paso, for appellant.

Calhoun, Morton & Deason, Charles A. Deason, Jr., El Paso, for appellee.

## OPINION

WARD, Justice.

This is a garnishment proceeding where summary judgment was granted against the United States as garnishee. The question to be determined is if the ex-wife in a Texas divorce, who has been awarded a portion of the military retirement pay of her ex-husband as her share of the community property, can garnish the United States under 42 U.S.C. Sec. 659. We affirm.

On November 16, 1973, Dorothy M. Stelter secured a divorce from Robert W. Stelter in the District Court in El Paso. The Court found that the parties had been mar-ried for fourteen years, during all of which time the husband had been in the military service; that he had retired after twenty years of service; and that the wife was entitled to receive $7/20$ths of the husband's retirement pay as her share of the community property. The husband never complied with the judgment and the wife, in the divorce cause, instituted the present garnishment proceedings against the United States under 42 U.S.C. Sec. 659. The Government and the wife agreeing that no factual dispute was present, both moved for a summary judgment. The Court, after hearing, denied the motion filed by the United States, granted summary judgment in favor of the wife, and ordered that she recover of the garnishee $7/20$ths of the monthly retirement pay due the ex-husband.

Glaring defects in the garnishment proceedings by both parties aside, the United States appeals upon only two points which are similar to the grounds it urged in its motion for summary judgment in the trial Court. It first claims that the trial Court committed error in holding that the military retirement pay was not current wages for personal services under Article 16, Sec. 28 of the Texas Constitution.[1] That Section states:

"Sec. 28. No current wages for personal service shall ever be subject to garnishment."

Tex.Rev.Civ.Stat.Ann. art. 4099 states:

"No current wages for personal service shall be subject to garnishment; and where it appears upon the trial that the garnishee is indebted to the defendant for such current wages, the garnishee shall nevertheless be discharged as to such indebtedness."

 It is settled that the exemption statute should be liberally construed in favor of the wage earner. To be exempt from garnishment, the money payable to the ex-husband must be due as "current wages" and also as remuneration for "personal service." For the purposes of this

---

1. The United States neither cites nor relies upon any federal exemption statute, and we assume there is no applicable statute covering the retirement involved.

opinion, we might assume that military retirement pay due the ex-husband was exempt from garnishment since it met both requirements. That would not answer the present question, as the wife's portion no longer belongs to the ex-husband but has been awarded to the wife as her share of the community assets and as a vested property right. The claim on behalf of the ex-husband for exemption does not apply to her property. It is the same as if the homestead had been divided upon divorce, *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923), and is similar to that portion of the husband's workmen's compensation claim that has accrued or vested prior to divorce and is capable of division regardless of the statutory prohibition forbidding any compulsory assignment of the claim. *Piro v. Piro,* 327 S.W.2d 335 (Tex.Civ.App.—Fort Worth 1959, writ dism'd w.o.j.). The first point is overruled. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

Of more concern is the second point presented which is to the effect that the trial Court erred in determining that the word "alimony," as used in 42 U.S.C. Sec. 659, includes a division of military retirement pay by a Texas Court upon dissolution of the marriage. On January 1, 1975, 42 U.S.C. Sec. 659 became effective whereby the United States consented to be sued for the enforcement of any legal obligation by the ex-husband "to provide child support or make alimony payments." However, military retirement pay is a vested community property right subject to division by the divorce Court, *Busby v. Busby,* supra, and it is not an alimony payment. *Ex parte Sutherland,* 515 S.W.2d 137 (Tex. Civ.App.—Texarkana 1974, writ dism'd). Approaching the question from this viewpoint, the United States Court of Appeals, Fifth Circuit, in *Marin v. Hatfield,* 546 F.2d 1230 (1977), by dictum, has indicated that the mere fact that the United States has waived immunity for enforcement of alimony obligations does not confer a right to alimony on a party precluded by state law from receiving it. However, in that case, the garnishment proceeding to recover the former wife's portion of the retirement ben-

efits was filed in a United States District Court, and the Fifth Circuit held that the District Court properly dismissed the suit for lack of federal jurisdiction. See also *Morrison v. Morrison,* 408 F.Supp. 315 (D.C. 1976).

Approaching the problem from the opposite view that "alimony" as used in the federal statutes should be given an all inclusive meaning, the Florida District Court of Appeals for the First District, in passing upon a Texas divorce decree awarding the wife a portion of the retirement benefits, permitted the garnishment against United States to stand. *Williams v. Williams,* 338 So.2d 869 (1976). In rejecting the ex-husband's argument that the payments under the Texas divorce decree were not alimony, the Court stated:

"Like the well-known rose by another name, these postmarital benefits of the Texas decree are tantamount to alimony for the purposes of statutes of the United States securing the enforcement of state alimony awards. See *In re Nunnally,* 506 F.2d 1024 (5th Cir. 1975), in which the Court of Appeals held a similar Texas award of pension benefits was 'alimony' within the meaning of Sec. 17 of the Bankruptcy Act, 11 U.S.C. Sec. 35(a), providing that debts 'for alimony due or to become due' are not dischargeable in bankruptcy. For the same reasons, liquidated arrearages due Ms. Williams may be considered 'alimony' for purposes of 42 U.S.C. Sec. 659 notwithstanding that the 'alimony' may be offensive to Texas policy."

We adopt the reasoning of the *Williams* and the *Nunnally* cases. Otherwise, the beneficial spirit of the law would be sacrificed to its letter. The second point is overruled.

Because of a question asked counsel on oral argument, the garnishee has presented a third point attacking the validity of the divorce judgment insofar as it divides the military retirement pay. We will not consider the point on this appeal, the ground being foreign to the grounds asserted in the

motions before the trial Court and possibly not being fully developed.

The judgment of the trial Court is affirmed.

PRESLAR, C. J., not sitting.