Glenn B. MATTHEWS, Appellant,

v.

Eloise MATTHEWS, Appellee.

No. 8047.

Court of Civil Appeals of Texas, Beaumont.

Dec. 22, 1977.

Peter D. Williamson, Houston, for appellant.

John L. Mericle, Houston, for appellee.

KEITH, Justice.

This appeal involves a claim by our appellant that his discharge in bankruptcy has relieved him of his obligations to pay a community debt which he assumed in a property settlement agreement incident to a divorce. We will speak of the parties as the husband (appellant) and his wife (appellee).

During the course of their marriage, the parties accumulated certain items of community property, including some thirty-eight thousand dollars worth of furniture purchased from Suniland Furniture Company on the credit of the community. The husband sued for divorce, but the parties entered into an settlement agreement which was approved by the trial court. Among other conditions, the wife received the home, the household furniture and certain other items of property. She was appointed managing conservator of the child born of the marriage, and the husband/father agreed (and was ordered in the judgment) to pay $750 per month for the support of the child.

The husband specifically assumed the payment of the indebtedness upon the furniture and agreed to indemnify the wife from any liability therefor. But, shortly after the entry of the decree of divorce, he filed his petition in voluntary bankruptcy listing the furniture indebtedness but not listing the wife as a creditor. In due time, he was discharged. In the meanwhile, Suniland sued both husband and wife on the debt. Husband interposed the discharge in bankruptcy as a defense, and Suniland recovered judgment against wife for its debt, interest, attorney's fees, and costs of suit. That judgment amounting to more than $42,000 is now final.

The wife sought indemnity against husband for any sums she might be called upon to pay on the Suniland debt, and the husband again interposed the discharge in bankruptcy. The cause was tried upon an agreed statement of facts and stipulations of the parties. Judgment for the wife was entered in a bench trial, and the appeal is by the husband upon two points of error. We affirm for the reasons now to be stated.

In his first point, the husband contends that the wife failed to carry her burden of proving nondischarge of the debt. This was not an adversary trial wherein the facts were disputed; instead, the parties stipulated to the operative facts which we are required to accept. See *Bowman v.*

*Simpson*, 546 S.W.2d 99, 100 (Tex.Civ.App. —Beaumont 1977, writ ref'd). These agreed facts presented only a question of law which was met and answered by the trial court and which we are now called upon to review. Point one is overruled.

 Judge Gee in *In re Nunnally*, 506 F.2d 1024, 1026–1027 (5th Cir. 1975), disposed of a similar contention by holding that a discharge in bankruptcy did not wipe out the wife's interest in a navy pension awarded to her in the divorce decree. The leading cases on the subject [including *Francis v. Francis*, 412 S.W.2d 29, 32–33 (Tex.1967)] were harmonized with the provisions of the Bankruptcy Code, *11 U.S.C.A. § 35(a)(7) (Supp.1977)*. We accept and adopt the holding of *Nunnally* as applicable to the case at bar.[1]

In a case bearing remarkable similarity to that we have under review, the Court commented upon the fact that the husband was required to provide household furniture in the living quarters of the wife and child; that when he assumed and agreed to pay all indebtedness of the parties and to indemnify the wife, his discharge in bankruptcy did not insulate him against the wife's third-party action for indemnity in a suit by the furniture seller to recover on its debt. See *In re Waller*, 494 F.2d 447, 449–450 (6th Cir. 1974). Similar holdings have been made by other courts in dealing with the claimed defense of discharge in bankruptcy. See, e. g., *Poolman v. Poolman*, 289 F.2d 332 (8th Cir. 1961); *In re Baldwin*, 250 F.Supp. 533 (D.Neb.1966).

We have given careful consideration to the many out-of-state cases cited by the husband in support of his contention but remain unconvinced that his discharge in bankruptcy ended his obligation to provide furniture for his child to use in the mortgaged home provided by the child's mother. Finding no error in the judgment, it is affirmed.

AFFIRMED.

---

1. See also *United States v. Stelter*, 553 S.W.2d 227, 229 (Tex.Civ.App.—El Paso 1977, writ granted), wherein that court adopted the reasoning of *Williams v. Williams*, 338 So.2d 869 (Fla.App.1976), applying Texas law to a property settlement agreement in the context of a discharge in bankruptcy.