UNITED STATES of America,
Petitioner,

v.

Dorothy M. STELTER, Respondent.

No. B–6997.

Supreme Court of Texas.

June 21, 1978.

Rehearing Denied July 19, 1978.

Jamie C. Boyd, U. S. Atty., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, for petitioner.

Charles A. Deason, Jr., El Paso, for respondent.

GREENHILL, Chief Justice.

The United States, as a sovereign, cannot be sued without its consent. Unless it so consents, it is immune from suit.

The problem in this case is whether the United States has given its consent to be sued in the garnishment proceeding before us. We hold that it has not. While the result here is regrettable, it is our duty to hold that the plea of sovereign immunity made by the U. S. attorney must be sustained. Accordingly we must reverse the judgment of the court of civil appeals. 553 S.W.2d 227.

The background of the case is this: Dorothy and Robert W. Stelter, who had no children, were divorced in El Paso in 1973. Dorothy was awarded their home in El Paso which had been community property, an automobile, all of her civil service retirement benefits, her life insurance policies, her personal effects and a German Shepard dog. Robert was awarded a pickup truck and his personal effects. The balances due on certain debts were allocated between them.

Robert had been retired from the U. S. military after twenty years of service. He was married to Dorothy during fourteen of those years. In the decree of divorce, he was ordered to pay into the registry of the court 7/20ths of his retirement pay within five days after its receipt; and such sums were then to be paid to Dorothy. The judgment of divorce was not appealed by either party and is final.

Robert, however, has disobeyed the orders of the Texas divorce court to pay the portion of the retirement pay into the registry of the court; and he has left the State. Dorothy has, therefore, not been paid the amounts due her; and Robert is beyond the jurisdiction of our courts to enforce the divorce decree.

Dorothy Stelter has brought this garnishment suit against the United States. Her prayer is that the United States be required to pay her directly her portion of the military retirement benefits. This brings us to the Act of Congress which she contends constitutes a consent of the government to be sued for this purpose.

The Act is found in 42 United States Code, Section 659. That law does give consent to suits for "legal obligations to provide child support or make *alimony* payments."

The Act defines the word "alimony." In so doing, it says in Section 662(c).

Such term [alimony] does *not* include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses.

■ "Alimony" after divorce, as such, is not permitted in Texas. We shall assume, however, that the payments in question are not within the Texas definition of "alimony" since at least a part of the military retirement benefits were earned by the husband and wife during marriage. *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970).

We shall further assume without deciding, under the logic of the cases set out just above, that the wife's attempt to enforce her divorce decree is not a suit to make a garnishment of "current wages for personal services." [1]

We will also assume that Congress could have provided for consent for the United States to be sued for these military retire-

ment benefits even if it called them "alimony." As set out above, however, Congress excluded from the word "alimony" payments or transfers of property "in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."

Our statute provides that upon divorce, "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . . ." Family Code, Section 3.63.

In *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), we held that military pension benefits earned during marriage were community property and were subject to division upon divorce even though some benefits would be payable and receivable in the future.

When the military retirement benefits were *not* taken into account in the divorce court's "division of the estates" of the parties, i. e., were *not* brought to the court's attention when the court divided the properties of the spouses upon divorce, it was held a particular fraction of military retirement benefits should go to the spouses as earned during the community of the marriage. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970).

■ When the community military retirement benefits *are* before the divorce court, the court should take them into consideration with all other of the property subject to a "just and right" division. This court discussed this power and duty of the divorce court in *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976). Our holding was that the divorce court was given broad powers under the "just and right" provisions of the statute, and that a judgment dividing the property on that basis would not be disturbed in the absence of an abuse of discretion. The *McKnight* and *Cearley* decisions are discussed in Joseph W. McKnight's article, *Division of Texas Mari-*

---

1. Article 4099 prohibits such garnishment. All Texas statutory references are to Vernon Texas Civil Statutes Annotated. Emphasis throughout is ours.

*tal Property in Divorce*, 8 St. Mary's Law Journal 413 (1976). At page 441, the writer states that "It is not suggested that the court should always, or even usually, divide the future payments between the spouses. An exercise of the court's equitable judgment is always required."

Congress has *not* given its consent for the United States to be sued in garnishment or otherwise when the obligations arise from "any community property settlement, an equitable distribution of property, or other division of property between spouses." As we read Section 3.63 of the Family Code, the *McKnight* and *Cearley* cases, and others, the divorce court acted in that capacity in dividing between the spouses the home, the car, the pickup truck, the wife's civil service retirement benefits, the military retirement benefits, and all of the other assets and liabilities of the spouses.

The Congress, therefore, has not consented for the United States to be sued in this instance; and we must so hold.

It is unfortunate that Robert Stelter is not subject to the jurisdiction of the courts ·of Texas so the divorce decree can be enforced by the exercise of contempt powers. It is also unfortunate the Act of Congress is worded as it is. Texas spouses are not protected as are spouses in other states where they may bring a garnishment suit against the United States to recover alimony or support payments. But even to suggest that Texas spouses are deprived of the equal protection of the law by the Act of Congress would be of no help to Dorothy Stelter. If a court were to strike down the law as discriminatory, there would be no law left giving spouses consent to sue the United States.

The judgments of the district court and the court of civil appeals are reversed and set aside, and the cause is dismissed.

Dissenting opinion by JOHNSON, J., in which McGEE, J., joins.

JOHNSON, Justice, dissenting.

This dissent is respectfully submitted.

This writer would adopt the judgment and opinion of the court of civil appeals, 553

S.W.2d 227, along with the well-reasoned approach in *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975).

McGEE, J., joins in this dissent.