upon Landrum's holding title to the property. For many weeks prior to the fire Landrum held no title to the property. Travelers did not contract to insure any titleholder except Landrum. Without doubt an insurer has the right to determine whom it will insure and what interest it will insure. *Maryland Casualty Co. v. Palestine Fashions, Inc.*, 402 S.W.2d 883 (Tex.1966).

The judgment is reversed and judgment is here rendered that appellees take nothing.

**UNITED STATES of America and Ellison Stanley LeMaster, Appellants,**

v.

**Yvonne Jane LeMaster WAKEFIELD, Appellee.**

**No. 18009.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

U. S. Dept. of Justice, Richard Vance, Asst. U. S. Atty., Fort Worth, for United States of America.

Barbara C. Crampton and Holly Crampton, Wichita Falls, for Ellison Stanley LeMaster.

Law Offices of Troy Douthitt and William H. Harris, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

This is a garnishment case. An ex-wife sued the United States to garnish her ex-husband's military retirement benefits to enforce a judgment and award of the retirement pay and child support.

We reverse and dismiss in part, and affirm as modified in part.

To fully understand the points of error and rulings thereon, it is necessary to analyze the facts and judgment of the trial court in detail. When Yvonne LeMaster Wakefield and Ellison LeMaster were divorced, Mrs. Wakefield was awarded 43.75% of LeMaster's military retirement benefits pursuant to the division of community property. LeMaster was also ordered to pay child support. She reduced to judgment $4,562.75 of delinquent child support and $9,231.81, her share of accrued retirement pay. She sued the United States under 42 U.S.C. § 659 to garnish the retirement pay and enforce the judgment. The United States admitted being indebted to LeMaster for $473.02 in accrued retirement pay at the time it answered, but denied military retirement pay was garnishable under 42 U.S.C. § 659. Both Mrs. Wakefield and the United States moved for summary judgment.

LeMaster intervened in the suit and, prior to judgment, agreed with Mrs. Wakefield to allot $100.00 per month from his share of the retirement pay to be applied to delinquent child support. The judgment provides that the aforenamed parties agreed by stipulation "that the issue of garnishment of child support shall drop from the case, unless default in the payment of the $100.00 per month child support arrearage or current child support occurs." There is nothing in the record to indicate that the United States was a party to or acquiesced in the agreement. However, from a stipulation in the record it appears the allotment has been made. The trial court rendered judgment granting Mrs. Wakefield's motion for summary judgment from which the United States and LeMaster appeal.

The trial court's judgment recited the allotment agreement including the provision that the issue of garnishment for child support would "drop" from the case. The judgment states the allotment agreement is "adopted and confirmed as the order of the Court." However, the court made the following decree:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff-Garnishor does have and recover from Defendant-Garnishee 43.75% of the service retirement benefits, payable to her directly as same accrue monthly, and presently in the amount of $208.00 per month, plus incremental increases, effective as of March 1, 1977, and

"IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff-Garnishor does have and recover from Defendant-Garnishee, the United States, 56.25% of the service retirement benefits owned by Ellison Stanley LeMaster, with monthly payments to be made to the Family Court Services, Court House, Wichita Falls, Texas, as they accrue, and presently in the amount of $267.44 per month, plus incremental increases, to be applied and disbursed by that agency pro tanto monthly in discharge of Plaintiff's $13,794.56 judgment, until that judgment is paid in full, together with costs, as follows:

"(a) $100.00 per month to the discharge of child support arrearage judgment in the amount of $4,562.75, as the parties have agreed;

"(b) $167.44 per month, plus incremental increases, to the discharge of Plaintiff's $9,231.81 judgment.

"For all of which let execution issue, together with costs of court taxed to Defendant-Garnishee, the United States."

■ While the court gave lip service to the allotment agreement, it ordered garnishment for child support instead of ordering that the allotment be made. The difference is significant because garnishment of military pay involves suit against the United States and raises the issue of sovereign immunity. An order for an allotment does not involve suing the United States. It merely requires LeMaster to direct the United States Air Force to pay the retirement benefits to Mrs. Wakefield. No issue of sovereign immunity is raised. It is obvious that Mrs. Wakefield attempted to abandon her claim for garnishment for child support in exchange for the allotment. The trial court should not have accepted as its order the allotment agreement, which provided that garnishment for child support would be "dropped", and then order garnishment for child support in its decree. Neither the United States nor LeMaster claim error on this point. LeMaster in his brief limits his appeal to garnishment to enforce Mrs. Wakefield's judgment and award of community interest in retirement benefits. Therefore, appellants have waived any error in the judgment's defect. Mrs. Wakefield is entitled to garnish military retirement pay for child support under 42 U.S.C. § 659.

■ Appellants claim the trial court erred in garnishing future accruing retirement pay. We agree. It is well settled that garnishment should be in the amount of the debt absolutely owed at the time the garnishee files his answer. *Burkitt v. Glenney*, 371 S.W.2d 412 (Tex.Civ.App.—Houston 1963, writ ref. n.r.e.). For LeMaster's retirement pay to accrue he must remain alive. Therefore, the debt being garnished is contingently but not absolutely owed. The trial court erred in ordering garnishment of future accruing military retirement pay.

In its answer to Mrs. Wakefield's application for writ of garnishment, the United States admits being indebted to LeMaster for $473.02. This was the amount of retirement pay absolutely owed at the time the United States answered. This is the amount which Mrs. Wakefield can garnish for child support. Therefore, we modify the portion of the judgment ordering garnishment for child support to order garnishment of $473.02 to be applied to delinquent child support. We affirm this portion of the judgment as modified.

■ Appellants claim the trial court erred in ordering garnishment because retirement pay is current wages under Texas law. Appellants argue that even though 42 U.S.C. § 659 allows garnishment of the United States for alimony and child support, garnishment is allowed only to the extent that the garnishor could garnish under state law. *Watson v. Watson*, 424 F.Supp. 866 (E.D.N.C., 1976). It is well settled that current wages are exempt from garnishment in Texas. Tex.Const. art. XVI, § 28, and Tex.Rev.Civ.Stat.Ann. art. 4099 (1966). Therefore, if military retirement pay is current wages in Texas, it is not garnishable under 42 U.S.C. § 659 for any purpose.

To be exempt from garnishment in Texas the fund in question must be wages and must be current. All parties have agreed that military retirement pay is wages. The dispute is whether military retirement pay is current wages. This court defined current wages as compensation for personal services, as are to be paid from time to time, *as the services are rendered. J. M. Radford Grocery Co. v. McKean*, 41 S.W.2d 639 (Tex.Civ.App.—Fort Worth 1931, no writ). The United States urges that because retired military personnel are subject to recall to active duty, their retirement pay is remuneration for services presently rendered. We do not agree.

■ Military retirement pay is based on the serviceman's length of service and base pay upon retirement. It is not based on what the military perceives to be the present value of a retiree standing by for possible recall. The retirement benefits are paid for a period of time in which the retired serviceman was not recalled. Should he be recalled he would receive active duty pay instead of retirement pay. The retired serviceman receives retirement benefits because of his past military service, not because he is presently standing by waiting to be recalled. Therefore, the fact that he is standing by is not controlling and military retirement pay is not current wages under Texas law.

Appellants cite *Prewitt v. Smith*, 528 S.W.2d 893 (Tex.Civ.App.—Austin 1975, no writ) as holding that retirement pay is current wages and therefore not garnishable. We have reviewed *Prewitt* and found it does not control the question before us. *Prewitt* was not a garnishment case. Further, it dealt with constitutional and statutory provisions governing teacher retirement funds. These provisions have no application to military retirement benefits.

■ Appellants assert the trial court erred in holding 42 U.S.C. § 659 permits garnishment of military retirement benefits to enforce the community property division of a divorce. To garnish military retirement pay it is necessary to sue the United States, which is immune from suit absent its consent. It is well settled that waivers of sovereign immunity are to be strictly construed. In 42 U.S.C. § 659 the United States consents to be sued for legal obligations for alimony and child support. Thus, Mrs. Wakefield can garnish military retirement pay for child support. The issue presented is whether she can garnish to enforce her award and judgment for retirement pay pursuant to the community property division of her divorce under the federal statute.

This issue was recently decided by the Texas supreme court in *United States v. Stelter*, 567 S.W.2d 797 (Tex.1978). In *Stelter*, an ex-wife sued to garnish her ex-husband's military retirement pay, a portion of which was awarded her in the property division of their divorce. The court held the award of retirement pay was *not* alimony under 42 U.S.C. § 659. The court concluded that Congress in its definition of alimony in 42 U.S.C. § 662(c) (1978 Supp.) excluded payments or transfers of property in a community property settlement, equitable property distribution, or other property division between spouses or former spouses.

■ The court reasoned since military retirement benefits earned during a marriage are community property which should be considered with all other property in making a just and right division upon divorce, retirement pay was not alimony under the federal statute. Because waivers of immunity are to be strictly construed and community property retirement pay is not alimony, the United States has not consented to garnishment of retirement pay to enforce a community property division. While we find the result just as unfortunate as the court did in *Stelter*, we must reverse the trial court on this point. The trial court had followed the El Paso court of civil appeals' opinion in *Stelter* which was reversed by the Texas supreme court. The remedy for this situation is congressional amendment of the federal statute.

Considering all the above, we reverse those portions of the trial court's judgment

ordering garnishment of retirement pay for Mrs. Wakefield's 43.75% of the retirement benefits and garnishment of LeMaster's 56.25% applied to the arrearage in retirement pay owed Mrs. Wakefield. We dismiss these portions of LeMaster's case. We modify that portion of the judgment ordering garnishment for child support to allow garnishment of $473.02 to be applied to delinquent child support. We affirm this portion of the judgment as modified.

We believe that by what we have written, all points of error presented in complaint of the judgment in the case are discussed. However, and in any event, all points of error have been severally considered and all points not specifically ruled on above are overruled.

So ordered.