Leonard H. HARRIS, Appellant,

v.

Anne T. HARRIS, Appellee.

No. 17712.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 21, 1980.
Rehearing Denied Oct. 2, 1980.

Alece B. Egan, Houston, for appellant.

Sullins & Johnston, Mike Johnston and Gail Magers, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

WALLACE, Justice.

This is a suit by the former wife to recover delinquent contractual alimony payments and a one–half interest in the husband's military retirement benefits. Appellant pleaded a number of defenses including statute of limitations, laches, res judicata, failure of consideration and discharge in bankruptcy. Judgment was for appellee for unpaid alimony and military retirement benefits which accrued subsequent to appellant's discharge in bankruptcy and for attorney's fees.

The parties were divorced on October 20, 1970. The divorce decree recited that the parties had entered into an agreement pertaining to the division of their community property, which agreement the court approved, finding it to be fair, just and reasonable. The agreement provided in pertinent part:

II.

Both parties have agreed upon a fair and equitable division of their property which they desire to have the court approve.

.     .     .     .     .

(1). Mr. Harris shall retain and receive as his sole and separate property free and clear of any claim on the part of Mrs. Harris . . . the following property:
(c) . . . One–half interest in and to the net amount of Mr. Harris' United States Army retirement benefits, same amounting to $287.00 per month.

.     .     .     .     .

(2). Mrs. Harris shall retain and receive as her sole and separate property free and clear of any claims on the part of Mr. Harris . . . the following property:
(e). One–half interest in and to the net amount of Mr. Harris' pension from the retirement benefits from the United States Army, same being the amount of $287.00 per month.

.     .     .     .     .

This agreement when executed and acknowledged by both parties shall constitute a partition of all properties allocated to him or her as his or her separate property.

Notwithstanding any of the foregoing, and in addition thereto, and in addition to the provisions as contained in the final judgment entered in this cause, Leonard H. Harris agrees to pay Anne T. Harris the amount of Two Hundred Fifty and no/100 ($250.00) Dollars per month for her support, such payments to continue until Mrs. Harris' death or remarriage, whichever shall first occur. Mr. and Mrs. Harris agree that such payments are in

discharge of the legal obligations incurred by Mr. Harris due to the marital relationship existing between the parties, and it is the intention of the parties that said payments to Mrs. Harris, as hereinabove provided, shall be deductable from the income of Mr. Harris for Federal Income Tax purposes, and, similarly, shall be taxable income to Mrs. Harris under the applicable provisions of the Internal Revenue Code.

Both parties alleged certain stipulations which are not in the record and thus cannot be considered. The court made findings of fact and conclusions of law as follows:

"1. At the time of trial, the Defendant presented a motion for judgment on the pleadings in which he argued that there would be no need for a trial on the merits if the Court would rule on the applicable law.

2. Both Defendant and Plaintiff then made various stipulations concerning the facts.

3. The Court took judicial notice of the divorce decree and property settlement agreement.

4. On October 16, 1970, Plaintiff and Defendant entered into a property settlement agreement.

5. On October 20, 1970, a final decree of divorce was entered in Court of Domestic Relations No. 3 of Harris County, Texas, in Cause No. 839,577 and the property settlement agreement of October 16, 1970, was approved by the Court in its Final Judgment.

6. The property settlement provided that Plaintiff would receive from Defendant $250.00 per month as contractual alimony.

7. The property settlement agreement awarded one–half of the net amount of Defendant's pension from the United States Army retirement benefits to Petitioner and one–half to Defendant.

8. Defendant has not paid any amount of the alimony to Plaintiff since December, 1970.

9. Defendant has paid one–half of the military retirement as calculated at time of divorce, or $287.00 to Plaintiff each month since the divorce.

10. Defendant has received several cost of living increases in the military retirement pension and has not paid any part of the increases to ANNE T. HARRIS.

11. LEONARD H. HARRIS declared bankruptcy in 1976 and was released from all dischargeable debts in an order signed by the Bankruptcy Court in the United States District Court for the Southern District of Texas on April 1, 1977.

12. ANNE T. HARRIS retained Sullins & Johnston as counsel in her cause and has agreed to pay said law firm a reasonable fee, which reasonable fee is found to be $3,500.00 as a usual and customary fee for same or similar services performed in or about Harris County, Tex."

The conclusions of law:

"1. All amounts of alimony and military retirement pension due to ANNE T. HARRIS under the property settlement agreement were for her support and maintenance.

2. All amounts of alimony and increases in military retirement pension due to ANNE T. HARRIS before April 1, 1977, were discharged in bankruptcy.

3. All amounts of alimony and increases in military retirement pension due to ANNE T. HARRIS after April 1, 1977, were not discharged in bankruptcy.

4. LEONARD H. HARRIS is indebted to ANNE T. HARRIS in the amount of $17,488.93 with interest thereon from the 27th day of November, 1979, at the rate of nine (9%) percent per annum." .

In the absence of a complete statement of facts, the appellate court must presume that there was sufficient evidence to support the trial court's findings. *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806 (Tex.1968). The parties did not bring forward a complete statement of facts concerning attorney's fees nor did they bring forward a bill of exceptions to show the offer and exclusion of any evidence. In the absence of a bill of exception the appellate

court has no basis for reviewing contentions that the trial court erred in excluding evidence. T.R.C.P. Rule 372; *Corporate Personnel Consultants v. Wynn Oil Co. Inc.*, 543 S.W.2d 746 (Tex.Civ.App.–Texarkana 1976, no writ); *Allandale Nursing Home, Inc. v. John Bremond Company, Inc.*, 514 S.W.2d 958 (Tex.Civ.App.–Austin 1974, writ ref'd n. r. e.).

■ Due to the incomplete statement of facts, appellant's point of error pertaining to insufficient evidence to sustain the award of attorney's fees is overruled.

■ We overrule appellant's points of error complaining of the trial court's refusal to hear evidence concerning his defenses of laches, failure of consideration, estoppel, and res judicata. To preserve a point of error pertaining to the exclusion of evidence, it must be shown that the trial court, after a timely request, affirmatively refused to take the requested action. Both the request and the refusal must be contained in the appellate record. Rule 372, T.R.C.P. *Allandale Nursing Home, Inc. v. John Bremond Company, Inc., supra; Phillips v. Phillips*, 511 S.W.2d 748 (Tex.Civ.App.–San Antonio 1974, no writ). In our case the necessary showing was not made.

■ Appellant contends that his military benefits are retainer pay rather than "retirement pay," and are thus earned wages and cannot be assigned by the court. The Court of Domestic. Relations, in the divorce judgment, found the benefits to be community property. Appellant cannot now collaterally attack the divorce judgment. His remedy was to directly attack the decree by appeal. *Chandler v. Chandler*, 323 S.W.2d 377 (Tex.Civ.App.–San Antonio 1959, writ dism'd). *Bray v. Bray*, 576 S.W.2d 664 (Tex.Civ.App.–Beaumont 1978, no writ); *Vickers v. Vickers*, 553 S.W.2d 768 (Tex.Civ.App.–Beaumont 1977, no writ).

Mr. Harris contends that the contractual alimony obligation created by the property settlement agreement and divorce decree was discharged in bankruptcy. Mr. Harris cites several authorities holding that obligations created by property settlement agreements are dischargeable in bankruptcy. See *In re Cox*, 543 F.2d 1277 (10th Cir. 1976) and *Goggans v. Osborn*, 237 F.2d 186 (9th Cir. 1956). Mr. Harris reasons that because the Texas courts are precluded from making post–divorce alimony awards, the contractual alimony obligation in the instant case must be a dischargeable debt.

■ It is generally recognized that a property settlement agreement between spouses is dischargeable in bankruptcy, at least where it is truly or substantially a property agreement, and not an agreement for alimony, support or maintenance. *Harbour v. Harbour*, 590 S.W.2d 828, 830 (Tex.Civ.App.–Houston [14th Dist.] 1979, writ ref'd n. r. e.).

■ Although Texas courts can not order alimony per se, Texas courts do take into consideration "alimony factors" in dividing property. *In re Nunnally*, 506 F.2d 1624 (5th Cir.); *In re Ralph Gail Hodges*, 4 Bankr.Ct.Dec. 966 (1978). As a logical consequence, both federal and Texas courts, when examining a divorce decree or a property settlement agreement in a bankruptcy context, look behind the obligations created therein to determine whether they were incurred or created for the purpose of providing future support for maintenance. See *In re Nunnally, supra; In re Ralph Gail Hodges, supra;* and *Matthews v. Matthews*, 561 S.W.2d 531 (Tex.Civ.App.–Beaumont 1977, no writ). In the instant case the property agreement recited that the periodic payments were for the support of Mrs. Harris. In addition, the parties treated these payments as "alimony" for federal income tax purposes. These recitations constitute some evidence that the parties created this obligation for the purpose of providing Mrs. Harris with support. Further, because of the incomplete nature of the record, we must presume that the stipulations supported rather than contravened the trial court's conclusion. Appellant's point of error is overruled.

■ By cross points of error, appellee contends that the trial court erred in finding that the contractual payments as well

as the retirement benefits accruing prior to the discharge in bankruptcy were discharged.

We cannot determine whether there was sufficient evidence to support the trial court's conclusion. It was incumbent on Mrs. Harris, as a cross–appellant, to bring forward a record demonstrating that reversible error was committed; since she failed to do so, her cross points are overruled.

The judgment of the trial court is affirmed.