**A.J. MOUTON, Appellant,**

v.

**James W. CASSELLO, et ux., et al., Appellees.**

**No. 04–83–00517–CV.**

Court of Appeals of Texas,
San Antonio.

March 27, 1985.

Rehearing Denied May 31, 1985.

J. Ken Nunley, Dodson, Nunley & Taylor, Hondo, for appellant.

Thomas S. Terrell, Kerrville, for appellees.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is a deceptive trade practices case involving appellant's express representations that mobile homes would not be permitted in the Oak Ridge Estates subdivision. Appellees claimed that they purchased their homes in the subdivision relying on such representations but that subsequently appellant removed the restriction and allowed mobile homes. The jury found a loss in market value at the time the injury became evident and awarded damages to each appellee accordingly.

Appellant complains that there was no evidence to establish the value of appellees' homes at the time of purchase and that the trial court erroneously submitted special issues based on an incorrect statement of the law regarding the proper measure of damages. In cross-points, appellees argue for an award of attorney's fees and seek to invoke TEX.R.CIV.P. 438.

■■■ Appellant has filed a statement of facts restricted to the testimony of witnesses Beasley and Price and appellant's objection to the charge. Pursuant to Rule 377(d), appellant's request for a partial statement of facts included a statement of the facts to be relied on. Had appellees failed to designate additional portions of the record, appellant would be entitled to the presumption in Rule 377(d) that nothing omitted from the record is relevant to the disposition of the appeal. *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717, 718 (Tex.1984). However, the record reflects that appellees did not acquiesce to the partial statement of facts; rather, they requested the testimony of all witnesses, excluding only the testimony of the attorneys on the issue of attorney's fees. Accordingly, the presumption vanishes; there is no presumption that the record is complete for purposes of the appeal. *See Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 763 (1940).

■■■ The assertion by appellant of no evidence requires that we consider only the evidence favorable to the judgment; we must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex.1980). The evidence of probative value which convinced the jury may well be in that omitted portion of the statement of facts; appellees' testimony could have provided an opinion as to market value at the time of purchase. Thus, we are unable to determine whether there was no evidence as to value at the time of purchase from the partial statement of facts. *Restrepo v. Barrios,* 603 S.W.2d 377, 378 (Tex.Civ.App. —Waco 1980, no writ). Furthermore, where appellant submits an incomplete statement of facts, without stipulation or agreement, the appellate court must presume that there was sufficient evidence to support the trial court's findings or the jury verdict. *First National Bank v. Johnson,* 608 S.W.2d 834, 835 (Tex.Civ. App.—Waco 1980, no writ); *Harris v. Harris,* 605 S.W.2d 684, 686 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.). Appellant's first point of error is overruled.

■■■ A review of appellant's complaint regarding special issues on damages is likewise precluded by appellant's failure to present a complete statement of facts. In *Ledford's Performance Center v. Rhoden,*

576 S.W.2d 919, 919 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.), a deceptive trade practice case, the court addressed a question on an alleged erroneous submission of an issue, stating:

> A complaint that the court erroneously gave or refused to give an instruction, or that it erroneously submitted or failed to submit a special issue, ordinarily cannot be reviewed without a complete statement of facts. [Citations omitted.]

Accordingly, point of error number two is overruled.

 In their first cross-point, appellees contend that the judgment of the trial court should be increased in the amount of $3,444.00, the amount found by the jury to be plaintiffs' reasonable attorney's fees on appeal. Consumers who prevail in DTPA actions shall be awarded reasonable and necessary attorney's fees. TEX.BUS. & COM.CODE ANN. § 17.50(d) (Vernon Supp.1985) (in effect when cause of action arose). Appellees' first cross-point is sustained.

 In their second cross-point, appellees argue that the judgment should be increased pursuant to TEX.R.CIV.P. 438, which provides:

> Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

Unless the record on appeal is such as to justify the conclusion that appellant, at the time his appeal was perfected, had no reasonable ground to believe the judgment should be reversed, he should not be penalized for availing himself of his right of appeal. *United General Insurance Exchange v. Brown*, 628 S.W.2d 505, 511 (Tex.Civ.App.—Amarillo 1982, no writ). While we do not agree with appellant's argument that the statement of facts is sufficient under TEX.R.CIV.P. 377(d) for a review of the points of error which he urges, we are unwilling to say that his appeal was taken for delay and without sufficient cause. Appellees' second cross-point is overruled.

The judgment of the trial court is in all things affirmed.