Elma Marie **BOLLING**

v.

James Thomas **HOWLAND, Jr.,** and the
United States of America
as Garnishee.

Naomi West **SCHMITZ**

v.

Francis E. **SCHMITZ,** and the United
States of America as Garnishee.

Nos. 75–144–NA–CV, 75–236–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

July 29, 1975.

Kemper & Vance, Nashville, Tenn., for
Elma Marie Bolling.

Rodger N. Bowman, Clarksville, Tenn.,
for Naomi West Schmitz.

Charles H. Anderson, U. S. Atty.,
Nashville, Tenn., for the United States.

## MEMORANDUM

MORTON, District Judge.

The above styled cases are consolidated for consideration by the court, *sua sponte*, of the jurisdictional basis for a suit in the Federal district court for garnishment of wages or other remuneration for employment pursuant to 42 U. S.C. § 659. In both of these cases, the plaintiff seeks to enforce the individual defendant's child support obligations.

Heretofore, the sovereign immunity of the United States has served as a shield for government employees in actions of this type. However, the Social Services Amendments of 1974 included a provision expressly waiving the sovereign immunity of the United States in suits seeking garnishment of wages for the purpose of enforcing child support and alimony obligations of government employees. The provision in question provides:

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individ-

ual of his legal obligations to provide child support or make alimony payments. 42 U.S.C.A. § 659.

The issue raised by the court is whether 42 U.S.C. § 659, or any other provision of the United States Code, vests jurisdiction in the Federal district courts for suits to enforce support obligations. Since the certification requirement of 42 U.S.C. § 660 has not been met in either of these cases, the court concludes that it lacks jurisdiction and the above styled cases must be dismissed for the reasons stated hereinafter.

The language of 42 U.S.C. § 659 provides that the sovereign immunity of the United States is waived as to garnishment of wages or other remuneration of employment in certain limited cases. It is further provided that in those limited cases the United States shall stand as any private employer and be subject to legal process. The words are not qualified beyond the limitation that the garnishment be for the purpose of enforcing child support and alimony obligations. Section 659 contains no express language vesting jurisdiction in the Federal courts and this court finds no language that would support such an inference.

Those portions of the Social Services Amendments of 1974 that concern child support obligations consistently place the power and responsibility with the several states for collecting adjudicated support obligations from deserting parents. The Secretary of Health, Education and Welfare is assigned various administrative responsibilities, as well as means to foster cooperation among the various States, in an effort to enhance collection of support obligations and thereby reduce the demands placed upon welfare agencies. It is consistent with the general format of the collection program, contained in the Social Services Amendments of 1974, to require actions such as these to proceed in the State courts.

The intent of Congress to place primary responsibility for collection of child support obligations on the States is further illustrated by 42 U.S.C. § 660, which provides:

> The district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action *certified by the Secretary of Health, Education, and Welfare under section 652(a)(8) of this title.* A civil action under this section may be brought in any judicial district in which the claim arose, the plaintiff resides, or the defendant resides. (emphasis added)

42 U.S.C. § 652(a)(8) provides that:

> (a) The Secretary shall establish, within the Department of Health, Education, and Welfare a separate organizational unit, under the direction of a designee of the Secretary, . . . who shall—
>
> *  *  *  *  *  *
>
> (8) receive applications from States for permission to utilize the courts of the United States to enforce court orders for support against absent parents and, upon a finding that (A) another State has not undertaken to enforce the court order of the originating State against the absent parent within a reasonable time, and (B) that utilization of the Federal courts is the only reasonable method of enforcing such order, approve such applications; . . . .

The inclusion of these provisions relating to the jurisdiction of the Federal courts, and the absence of an express jurisdictional grant under 42 U.S.C. § 659, illustrate the limited power vested in this court by the Congress.

The legislative history of the Social Services Amendments of 1974 further indicates that Congress did not intend to include a jurisdictional grant of power to the Federal courts by waiver of sovereign immunity under 42 U.S.C. § 659. The legislation in question originated in the House of Representatives (H.R. 17045). After the bill reached the Sen-

ate, the Committee on Finance reported with an amendment to strike the substance of the House bill and substitute the provisions of H.R. 3153, which had passed the Senate in 1973 without being acted upon by the House. 120 Cong.Rec. S 217312 (daily ed. Dec. 17, 1974). Senator Long was the floor manager for the bill reported by the Committee on Finance and he described the proposed bill, in pertinent part, as follows:

> The States are assigned the support obligation of recipients as a condition of welfare eligibility, given more favorable Federal matching for child support activities, and allowed to garnish the wages and other benefits of runaway parents who are Federal, civilian, or military personnel. . . .

> In summary, the committee bill leaves basic responsibility for child support and establishment of paternity to the States but envisions a far more active role on the part of the Federal Government in monitoring and evaluating States programs . . . and, in certain instances, in giving direct assistance to the States in locating absent parents and obtaining child support payments from them. 120 Cong.Rec. S 21733 (daily ed. Dec. 17, 1974)

Following passage of the amended bill by the Senate, it was referred to an Conference Committee and shortly thereafter was reported to the House of Representatives where the bill was debated on December 20, 1974. Congressman Ullman outlined the history of the bill and the changes from the original version which originated from the House. 120 Cong.Rec. H 12584–12585 (daily ed. Dec. 20, 1974). The following portions of the debate are pertinent to the question of whether the waiver of sovereign immunity under 42 U.S.C. § 659 vests jurisdiction over garnishment actions in the Federal district courts independently of the provisions of 42 U.S.C. § 660:

> Mr. McFALL. Mr. Speaker, is there a provision in here that would permit the garnishment of social security checks? Would the gentleman explain that?

> Mr. ULLMAN. Only for child support purposes. [Later statement included alimony payments.]

> \* \* \* \* \* \*

> Mr. ULLMAN. We are talking about the situation where the United States is paying out money for child support because the man has deserted his family and has refused to live up to his responsibility under an outstanding court order to support that family.

> Mr. KAZAN. . . . *Is the Federal Government going to be subject to State court orders?* How is it going to be enforced? *Or is that mother of the children going to have to go into Federal court?*

> Mr. ULLMAN. *It is based on the State court order for child support. We have provided that the Secretary can allow entry into the Federal courts in some instances only when it cannot be properly taken care of under the State court order.*

> Mr. KAZAN. In other words, what the gentleman is saying *is the Federal Government going to be subject to State court orders, so far as garnishment is concerned?*

> Mr. ULLMAN. *We just simply have found no better way to do it.* If a father has run away from his family and his obligations, there is the problem that we have been trying to face up to for a long time but have not, as to how we can get to that father to make him live up to his obligations.

> \* \* \* \* \* \*

> Mr. ST GERMAIN. Essentially, the mother or the wife goes into the State court and gets a judgment, and then proceeds on the judgment, on the execution of same, and proceeds with the garnishment; is that not correct?

> Mr. ULLMAN. The gentleman is correct.

Mr. ST GERMAIN. And there are no other conditions precedent?

Mr. ULLMAN. The garnishment is on the basis of the court order or decision. It is on the basis of the court order or by trial by the court in the case of a father or mother failing to live up to his or her obligations.

\*    \*    \*    \*    \*    \*

Mr. ECKHARDT. . . . In Texas, we do not have garnishment of wages, so this would be ingraining the Federal law on existing State law. Under circumstances like that I would think the case would be removable to the Federal court as a matter of right.

Is that what the gentleman feels would result? *Can these cases all be removed to Federal courts.*

Mr. ULLMAN. *No.* The garnishment provision places the U. S. Government in the same position as a private employer. *Nonsupport cases can be certified to the Federal courts only by the Secretary of HEW who must find that use of the Federal courts is the only reasonable way to enforce a court order.* In the situation the gentleman cites, there would be no court order on which to base such a finding.

\*    \*    \*    \*    \*    \*

Mr. WAGGONNER. . . . I think it needs to be said, for the benefit of those who are concerned about the prospect of the garnishment of Federal employees' checks or others, that this situation with regard to the private sector and those who are employed by the private sector already exists in almost all if, in fact, not all the States at the present time.

So it could be said that we are simply placing these people on a par to receive the same treatment and to assume the same responsibilities that those who are employed in the private sector now have to assume. 120 Cong. Rec. H 12585–12587 (daily ed. Dec. 20, 1974) (Emphasis added)

■■■ The language of 42 U.S.C. §§ 659 and 660 leaves little room for doubt that the proper determination of jurisdiction in child support and alimony garnishment cases, such as these, limits access to the Federal courts to those instances where the Secretary of Health, Education, and Welfare first certifies the necessity pursuant to 42 U.S.C. § 652(a)(8). The instant cases have not been so certified.

The court has considered the jurisdictional powers granted under 28 U.S.C. § 1346. In the cases at bar, the plaintiffs are seeking to proceed on a State court judgment to reach assets of the individual named defendants held by the United States. Therefore, the action is founded on the State court judgment and not on 42 U.S.C. § 659, which merely waives the sovereign immunity that heretofore precluded the garnishment. Given the capacity in which the government is named as a defendant-garnishee in these cases, and the terms of 42 U.S.C. § 659 that the United States stands as if it were a private employer, the court concludes that 28 U.S.C. § 1346 does not vest this court with jurisdiction to hear these garnishment actions.[1]

Finding that the court lacks jurisdiction, the above styled cases must be dismissed. An appropriate order will be entered.

---

1. The court is aware of the possibility that some question may arise concerning the status of the government as a defendant in the event that it fails to answer, or appear, in a State court garnishment action. The court does not intend to imply whether or not a claim against the United States would arise or be crested in such circumstances or whether the jurisdictional determination would be different.