**Richard W. POPPLE, Plaintiff,**

v.

**UNITED STATES of America, United States Department of Defense (Department of the Army) Defendants.**

**No. Civ–76–144.**

United States District Court,
W. D. New York.

Aug. 9, 1976.

Brown & LeBlanc, Depew, N.Y. (Norman A. LeBlanc, Jr., and James E. Brown, Depew, N.Y., of counsel), for plaintiff.

Richard J. Arcara, U.S. Atty., Buffalo, N.Y. (James A. Fronk, Buffalo, N.Y., of counsel), for the Government.

CURTIN, Chief Judge.

The plaintiff in this action, who was married in Alabama in 1946 and divorced in Arkansas in 1971, challenges the garnishment of his Army retirement pay ordered by a Georgia court in February of this year. The basis for the Georgia summons of garnishment served on the United States Attorney in Georgia is 42 U.S.C. § 659, which reads:

Notwithstanding any other provision of law, effective January 1, 1975, monies (the entitlement to which is based upon a remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed forces, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

The plaintiff apparently is deficient in support and alimony payments.

The Government did not contest the garnishment and it contends that there is no jurisdiction for this action in this court. It claims that it is merely in the position of a stakeholder and that this action should have been brought against the plaintiff's ex-spouse in the Georgia state courts. In his complaint, the plaintiff alleges jurisdiction under 42 U.S.C. § 659, *supra*, but in his memorandum of law he argues that § 659 does not provide a jurisdictional basis for this action. Instead, he argues:

Rather, the plaintiff is commencing this action against the United States and the Department of Defense to preclude the Department of Defense from honoring the Summons of Garnishment on the grounds that there is no statutory authority permitting the procedure as the one challenged herein. Consequently, the plaintiff's relief is not asserted by way of any of the sections of title 42, but rather to challenge action threatened under the alleged authority of 42 U.S.C. section 659.

The Federal District Court undoubtedly has jurisdiction to hear a challenge to intended action by the government or any of its agencies, where the challenge is based upon a belief that there is no lawful authority permitting such action.

■ Plaintiff's real argument is that § 659 does not give a state court jurisdiction over an individual not resident in that state. This argument would properly be made in the state court that purported to garnish wages of an individual not resident in that state. This court is of limited jurisdiction under the Constitution and, before it can proceed, it must have subject matter jurisdiction. Plaintiff has not shown that there is any basis for jurisdiction. Similar conclusions have been reached in two recent decisions dealing with slightly different questions under § 659. *See West v. West,* 402 F.Supp. 1189 (N.D.Ga.1975); *Bolling v. Howland,* 398 F.Supp. 1313 (M.D.Tenn. 1975).

■ Prior to enactment of § 659 in 1975, federal employees were not subject to garnishment. § 659 in effect simply waived the government's sovereign immunity and allowed garnishment of federal employees for the limited purposes stated. Under the statute, the government is to be treated as any other private individual. The actual order of garnishment, however, must be grounded on other, often state, statutory authority. This court can be sympathetic with the plaintiff's claim that the garnishment by the Georgia court of 100% of his Army retirement benefits was improper because he was not within the Georgia court's jurisdiction, and/or because the 100% garnishment apparently allowed by Georgia statute is excessive. However, this argument should be made to the Georgia court and is not properly within this court's jurisdiction. Plaintiff's cause is dismissed.

So ordered.