**Shirley M. S. KELLEY**

v.

**Bobby Joe KELLEY, and United States, Department of Defense, United States Air Force.**

**Civ. A. No. 760994.**

United States District Court, W. D. Louisiana, Shreveport Division.

Jan. 17, 1977.

James E. Franklin, Jr., Shreveport, La., for plaintiff.

A. L. Blondeau (Court-appointed), Bossier City, La., for defendant Bobby Joe Kelley.

Donald E. Walter, U.S. Atty., Lawrence L. Jones, Asst. U.S. Atty., Shreveport, La., for the United States, Dept. of Defense, United States Air Force.

## RULING ON MOTION

DAWKINS, Senior District Judge.

Plaintiff filed a petition for partition by licitation in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana. She claims she is entitled to one-half of each of her former husband's retirement checks earned during the existence of their community property marital regime for service in the United States Air Force and now paid monthly. Plaintiff joined the United States as a defendant in her suit against her former husband. The United States, under authority of 28 U.S.C. § 1442(a)(1), filed a petition in this Court on September 20, 1976, removing the suit here; then it filed a motion to dismiss it from the case.

 Due to the strong public policy that the United States, a sovereign entity, is immune from suit except when specifically authorized by an Act of Congress, the jurisprudence has allowed suits to be maintained against the Government only when that immunity has been waived by such an Act of Congress which *clearly* grants consent to specific types of suits. *Affiliated Ute Citizens of Utah et al. v. United States et al.,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed. 741 (1972); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Statutes waiving immunity are strictly construed. *McMahon v. United States,* 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26, rehearing denied 342 U.S. 899, 72 S.Ct. 228, 96 L.Ed. 673 (1951).

Plaintiff cannot sue the United States for the relief here claimed from it because the Government has not clearly waived its immunity in such situations. Plaintiff argues that Congress, in enacting 42 U.S.C. §§ 652–660, intended to allow suits such as this to garnish retirement payment to be brought in federal court. To follow such an argument would run afoul of the strict construction rule for Acts waiving immunity. Plaintiff here is claiming a property right, while the immunity surrendered under 42 U.S.C. §§ 652–660 deals only with child support and alimony. This is plainly demonstrated by the catchline of Part D, reading *"Child support and establishment of paternity"*; and by § 659, which provides:

"Consent by United States to garnishment and similar proceedings for enforcement of child support and alimony obligations

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon

remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations *to provide child support or make alimony payments.*" (Emphasis added.)

██ Clearly, Congress did not intend to make Federal Courts a forum for the settlement of all marital disputes in which the United States is the debtor of one of the spouses. In the particular situation where alimony or child support is due by one spouse, however, Congress has decided an important public policy will be served by allowing the United States to serve as a garnishee. That statute does not apply here because plaintiff is making a claim for community property, not child support or alimony.

Therefore, we hold that the United States has not waived its immunity and we have no jurisdiction over the claim against the Government.

██ We make the following observations concerning jurisdiction. Even if the statute upon which plaintiff relies could be applied by analogy, we would lack subject matter jurisdiction over plaintiff's claim. There are no Circuit Court decisions we can find, but the Federal District Courts' decisions are legion concerning the following points: (1) a debt owed by the United States only as garnishee is not a basis for jurisdiction in Federal Court; (2) 42 U.S.C. § 659 does not grant jurisdiction to Federal Courts, it merely waives the United States' immunity in two specific situations; (3) 42 U.S.C. § 660[1] refers to 42 U.S.C. § 652(a)(8),[2] and when the statute is read as a whole, it grants a plaintiff a cause of action in Federal Court to hear only certain alimony and child support claims; (4) receiving consent and certification from the Secretary of Health, Education and Welfare is a jurisdictional prerequisite to sue in Federal Court for alimony or child support; and (5) the traditional means of obtaining Federal jurisdiction under 28 U.S.C. § 1331 (federal questions), 28 U.S.C. § 1346(a) (original jurisdiction of Federal Courts), 28 U.S.C. § 1441 (actions generally removable); and 28 U.S.C. § 1442(a) (removal of suits against federal officers or agencies) are unavailing to plaintiffs suing under 42 U.S.C. §§ 652–660.[3]

Accordingly, this action, insofar as it seeks relief against the United States, or any of its Departments or agencies, hereby is dismissed. Since dismissing the United States as a defendant destroys our subject matter jurisdiction and no independent ba-

1. "660. Civil Action to enforce child support obligations; jurisdiction of district courts

"The district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action certified by the Secretary of Health, Education, and Welfare under section 652(a)(8) of this title. A civil action under this section may be brought in any judicial district in which the claim arose, the plaintiff resides, or the defendant resides."

2. "§ 652. Duties of Secretary—Establishment of separate organizational unit; duties

"(a) The Secretary shall establish, within the Department of Health, Education, and Welfare a separate organizational unit, under the direction of a designee of the Secretary, who shall report directly to the Secretary and who shall

\* \* \* \* \* \*

"(8) receive applications from States for permission to utilize the courts of the United States to enforce court orders for support against absent parents, and, upon a finding that (A) another State has not undertaken to enforce the court order of the originating State against the absent parent within a reasonable time, and (B) that utilization of the Federal courts is the only reasonable method of enforcing such order, approve such applications.

\* \* \* \* \* \*

3. *Wilhelm v. United States Department of the Air Force,* 418 F.Supp. 162 (S.D.Tex., 1976); *Popple v. United States,* 416 F.Supp. 1227 (W.D.N.Y., 1976); *Golightly v. Golightly,* 410 F.Supp. 861 (D.C.Neb., 1976); *Morrison v. Morrison,* 408 F.Supp. 315 (N.D.Tex., 1976); *West v. West,* 402 F.Supp. 1189 (N.D.Ga., 1975); *Bolling v. Howland,* 398 F.Supp. 1313 (M.D.Tenn., 1975).

sis for jurisdiction over Bobby Joe Kelley remains, we hereby remand this action to the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, under authority of 28 U.S.C. § 1447.