Allan Gregor **CUNNINGHAM**

v.

**DEPARTMENT OF the NAVY.**

Civ. No. H–77–621.

United States District Court,
D. Connecticut.

Sept. 20, 1978.

David M. Fabricant, New London, Conn., for plaintiff.

Diana Garfield, Asst. U. S. Atty., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

BLUMENFELD, District Judge.

The plaintiff in this action seeks to enjoin the garnishment of his Navy retirement pay ordered by a New York state court. The gravamen of plaintiff's claim lies in a challenge to the constitutionality of the application of New York's matrimonial long-arm statute, N.Y.Civ.Prac.Law (McKinney) § 302(b).[1]

1. Section 302(b) provides:
    "A court in any matrimonial action or family court proceeding involving a demand for support or alimony may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this

### FACTS

Plaintiff, while in the Navy in October 1968, was divorced from his wife, pursuant to a decree of a court in Virginia, where they were residing. Under that decree plaintiff was ordered to pay $150.00 per month in support and alimony for his wife and son. Plaintiff made these payments until a physical injury in November 1975 prevented his continued employment. In November 1976, he was discharged from the Navy and began receiving a disability retirement pension. In connection with this injury, his dependent son, for whom the Virginia divorce decree had provided support payments, also received a monthly stipend of approximately $150.00 from the Social Security Administration. These payments became effective in November 1975. At that time, plaintiff stopped making support and alimony payments to his wife, but did not seek a modification of the support order from the Virginia court based upon the changed circumstances.

During this time, plaintiff had moved his residence to Connecticut, and his ex-wife had moved to New York. In July 1977, she sought to have the New York court adopt the Virginia decree and give it full faith and credit under New York law. Pursuant to N.Y.Civ.Prac. § 302(b), note 1 *supra*, the New York court ordered plaintiff personally served in Connecticut and, when he was, claimed personal jurisdiction over him. Plaintiff did not appear in New York, and a default was entered in December 1977. Simultaneously, the New York court issued a garnishment order against the Navy, the defendant here, in order to attach the monthly retirement payments to which plaintiff was entitled. This was done pursuant to 42 U.S.C. § 659.[2]

state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony or alimony accrued under the laws of this state or under an agreement executed in this state."

2. Section 659, in pertinent part, provides:
    "Notwithstanding any other provision of law, effective January 1, 1975, moneys (the

## Discussion

Rather than seeking to challenge the jurisdiction of the New York court directly on appeal, plaintiff is making a collateral attack at the point of execution of the judgment. Plaintiff asks this court to enjoin the attachment of his pension based on the alleged unconstitutionality of the statute as applied by the New York court to obtain jurisdiction over him.[3] The use of 42 U.S.C. § 659 by the New York court in ordering the garnishment and its citation as an ostensible basis for subject-matter jurisdiction here impress upon this court the need to examine that new statute and its potential effect on the limited jurisdiction of federal courts.

In 1975, at the behest of state officials, Congress amended the Social Security Act, see note 2 supra, in order to waive the federal government's sovereign immunity with respect to garnishment of employees' salaries and pensions in support and alimony cases. See generally, S.Rep.No.93–1356, 93d Cong., 2d Sess. (1974). U.S.Code Cong. & Admin.News 1974, p. 8133. The existence of this statute has resulted in a reopening in the courts of a long-settled question regarding the role of federal courts in domestic relations cases. Several federal judges have had an opportunity to examine this question in light of the new statute. In a recent discussion on the point, Judge Bright of the Eighth Circuit provided the following guidance:

"Whether a domestic relations suit ought to come before a federal court in any aspect, even though a federal officer in an official capacity may be implicated in a peripheral fashion, is a matter of grave concern. With rare exceptions, such disputes traditionally have been subject to exclusive state jurisdiction. 'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' In re Burrus, 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890); accord, Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 74 L.Ed. 489 (1930)." Overman v. United States, 563 F.2d 1287 (8th Cir. 1977).

See also, Sosna v. Iowa, 419 U.S. 393, 404, 95 S.Ct. 553, 42 L.Ed.2d 532 (1974). Similar considerations should apply in the case at bar. Although plaintiff insists that his only claim is against an agency of the federal government, his extensive briefing on the New York matrimonial long-arm statute, his vehement argument regarding his non-liability for an alimony arrearage, and his documenting of his ex-wife's allegedly unconscionable behavior before the New York court belie the narrowness of his claim. He implicates domestic relations policies which are more properly within the interest of the two states involved—either New York or Virginia.

Aside from these deeper notions of comity, however, plaintiff himself has failed to establish a basis for subject-matter jurisdiction in this court. Plaintiff's application for the injunction is devoid of a jurisdictional statement. Only a reference to the federal garnishment waiver, 42 U.S.C. § 659, would imply that the case arises under the laws of the United States.

The several district court opinions that have construed the statute on this point

entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

3. It seems clear that matrimonial long-arm statutes of the type adopted in New York are consistent with the due process requirements of the fifth and fourteenth amendments. Lieb v. Lieb, 53 A.D.2d 67, 69–70, 385 N.Y.S.2d 569, 571 (1976); McLaughlin, 1978 Supplementary Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, Civ.Prac.Law C302:27, Supp. 24. Plaintiff's dispute, however, is not with the statute itself, but with its application to him.

have consistently rejected the view that any further jurisdiction was conferred on the federal courts by that statute. *See, e. g., Kelley v. Kelley,* 425 F.Supp. 181 (W.D.La. 1977); *Popple v. United States,* 416 F.Supp. 1227 (W.D.N.Y.1976); *Wilhelm v. United States Dep't of Air Force, Accounting and Finance Center,* 418 F.Supp. 162 (S.D.Tex. 1976); *Morrison v. Morrison,* 408 F.Supp. 315 (N.D.Tex.1976). The *Popple* case is particularly relevant, because it involves a situation identical to the present case.

Plaintiff's attempt in his brief to invoke this court's general equitable powers indicates a misunderstanding of the limited powers of the federal courts. The cases he cites in this regard are inapposite.

Therefore, since plaintiff has suggested no recognized basis for federal jurisdiction, his attempt to get this court to enjoin the garnishment must fail.

In conclusion, this court expresses its sympathy with the practical dilemma faced by plaintiff in deciding how to challenge what appears to be an unconstitutional application of a New York long-arm statute to his situation. Even a cursory reading of the statute, *see* note 1 *supra,* indicates the likelihood that it was directed at non-resident spouses who had had some residential contact with New York. The provision, "notwithstanding the fact that he or she no longer is a resident or domiciliary of this state," clearly implies the legislature's contemplation that the prospective foreign defendant has been, at one time, a resident or domiciliary of the state. Some such contact would also seem to be mandated constitutionally by *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). These issues, however, are not presently before the court, and they need not be decided.

Based on the foregoing discussion, the court finds itself without power to consider plaintiff's collateral attack on the New York judgment and the requested injunction against the Navy. Plaintiff's cause is dismissed.

SO ORDERED.