**LCDR Dennis SARFATY**

v.

**Gudrun SARFATY and Department of the Navy.**

Civ. A. No. 81-3276.

United States District Court,
E. D. Pennsylvania.

March 23, 1982.

702

Francis X. Nolan, Donsky, Levin, Dashevsky & Nolan, Philadelphia, Pa., for plaintiff.

Joan K. Garner, Asst. U. S. Atty., Philadelphia, Pa., for Dept. of the Navy.

## OPINION

LUONGO, District Judge.

In August of 1981, a Washington state court entered judgment in a domestic relations matter against Dennis Sarfaty, a lieutenant commander in the United States Navy, in favor of his ex-wife, Gudrun Sarfaty. At the time the judgment was entered LCDR Sarfaty was stationed in Philadelphia. Contending that the entry of that judgment violated his rights under the Soldiers and Sailors Civil Relief Act, 50 U.S.C. App. § 501, *et seq.*, and his fourteenth amendment rights to due process of law, Sarfaty instituted this action seeking to enjoin, preliminarily and permanently, defendant, Ms. Sarfaty, from enforcing the judgment, and defendant, Department of the Navy (Navy), from garnishing plaintiff's pay as a result of the judgment. The Navy has moved to dismiss the complaint against it on the grounds of lack of subject matter jurisdiction, F.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted, F.R.Civ.P. 12(b)(6).

In moving to dismiss for lack of subject matter jurisdiction, the Navy invokes the ripeness doctrine and contends that there is no Article III case or controversy presently before me. The Navy also contends that, even assuming the existence of a justiciable case or controversy, the complaint against it is barred by sovereign immunity.

■ I agree with the Navy's contention that this matter is not presently ripe for adjudication. In order to garnish plaintiff's Navy wages, Ms. Sarfaty must first obtain in the Washington state court a writ of garnishment against the Navy and then cause the writ of garnishment to be served on the Navy pursuant to 42 U.S.C. § 659.[1] Under Washington law, the Navy, as garnishee, is required to notify LCDR Sarfaty of the garnishment to afford him the opportunity to interpose any defenses he might have to the garnishment. *Watters v. Doud*, 92 Wash.2d 317, 596 P.2d 280, 284 (1975) (en banc). It is undisputed that no writ of garnishment has been issued in the instant case. Further, there is no indication or suggestion that Ms. Sarfaty has made application to the Washington state courts for issuance of a writ. Since the complaint alleges that Ms. Sarfaty is presently living in Germany, the possibility that she will make use of the aforementioned garnishment procedures and involve the Navy in this marital dispute seems rather speculative. The judicial power of the federal courts does not extend to the adjudication of purely hypothetical disputes. *International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd*, 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650 (1953). Whether viewed in terms of standing, or in terms of ripeness, it is essential that a plaintiff be threatened with an actual injury before he can invoke the processes of the federal courts. *See generally Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, —— U.S.

——, ——, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). Where as here, there has been no suggestion that the Navy has been requested to garnish plaintiff's wages or even that any steps are being taken to obtain a writ of garnishment, assumption of jurisdiction over plaintiff's claim against the Navy would violate Article III.[2] *Cf. United States v. Lowell*, 557 F.2d 70, 73 (6th Cir. 1977); *Abbit v. Bernier*, 387 F.Supp. 57, 59 (D.Conn.1974).

The complaint against the Navy is subject to dismissal on the ground that there is no case or controversy before the court, but I need not rest my decision on that basis alone. The other jurisdictional ground for dismissal is that the complaint against the Navy is barred by sovereign immunity.

■ "[T]he United States is subject to suit only by its consent," *Jaffee v. United States*, 592 F.2d 712, 718 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979), and if no such consent has been given, there is no jurisdiction to entertain claims against the federal government. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The Navy is a party to this action only because, in 1975, Congress enacted 42 U.S.C. § 659, which waived the government's sovereign immunity for actions brought to enforce writs of garnishment rendered by state courts in domestic relations matters. *See, e.g., Overman v. United States*, 563 F.2d 1287, 1291 (8th Cir. 1977); *Garrett v. Hoffman*, 441 F.Supp. 1151, 1154 (E.D.Pa.1977). Prior to the enactment of

---

1. 42 U.S.C. § 659(a) provides, in pertinent part:
   § 659. Enforcement of individual's legal obligations to provide child support or make alimony payments—United States and District of Columbia to be subject to legal process
   (a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal

process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

2. Plaintiff's contention that he should not be forced to "wait for the ax to fall" to determine if he is injured does not persuade me that he is threatened with imminent injury. Although more appropriately considered in the context of whether an injunction should issue, plaintiff can avoid the "hanging ax" by invoking the processes of the Washington courts to set aside the judgment entered against him. *See generally Watters v. Doud*, 92 Wash.2d 317, 596 P.2d 280 (Wash.1979) (en banc).

§ 659, the wages of federal employees were simply not subject to garnishment. *Popple v. United States,* 416 F.Supp. 1227, 1228 (W.D.Pa.1976). Section 659, however, is a very limited waiver of sovereign immunity. It extends only to actions brought to *enforce* writs of garnishment. It does not vest subject matter jurisdiction in the federal courts to hear actions seeking to enjoin the enforcement of such writs. *See, e.g., Overman v. United States, supra,* 563 F.2d at 1292; *Cunningham v. Department of the Navy,* 455 F.Supp. 1370, 1372 (D.Conn. 1978); *Popple v. United States, supra,* 416 F.Supp. at 1228 (W.D.Pa.1976). As the court stated in *Overman:*

> [U]nder § 659, Congress has not consented to its fiscal officer being sued for any purpose other than enforcement of the legal obligation to provide child support or alimony payments. Section 659 was never intended as a peg on which to hang by a bootstrap all of the domestic relations disputes involving federal employees. Federal courts should be extremely wary of becoming general arbiters of any domestic relations imbroglio.

*Id.* at 1292. The fact that plaintiff contends that the Washington state court judgment was rendered without due process and is therefore void [3] does not change the result. In *Cunningham v. Department of Navy, supra,* the court held that it lacked subject matter jurisdiction under § 659 to hear a case where an ex-Navy employee sought to enjoin garnishment of his retirement pay on the ground that the state court which entered the support order in issue lacked personal jurisdiction over him. 455 F.Supp. at 1372. The same argument was also made and rejected in *Popple v. United States, supra.* Accordingly, I conclude that, in enacting § 659, Congress did not waive the government's sovereign immunity to suit in cases such as the one presently before me.[4]

■ Finally, I am not persuaded by plaintiff's argument, raised for the first time in his reply memorandum, that § 702 of the Administrative Procedure Act (A.P. A.), 5 U.S.C. § 702, constitutes a waiver of sovereign immunity which supports the exercise of jurisdiction over plaintiff's claim against the Navy. Section 702 of the A.P.A. provides

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled

3. Plaintiff asserts that the judgment was entered without due process because it "was entered without the appearance of plaintiff or any other witness, and upon information and belief, was entered after defendant submitted an affidavit of facts." (Amended Complaint ¶ 7). Plaintiff also asserts that the Washington court lacked jurisdiction over the domestic relations matter because Ms. Sarfaty was not a resident of Washington when the judgment was entered. (Amended Complaint ¶¶ 9 & 10). I express no opinion as to whether the Washington court lacked jurisdiction on those facts. In addition plaintiff asserts that the entry of judgment against him violated his rights under the Soldiers and Sailors Relief Act, 50 U.S.C.App. § 501, *et seq.* which provides for the suspension of the enforcement of civil liabilities against members of the Armed Forces under certain circumstances. I note, however, that unlike judgments rendered without due process, which are void, a judgment entered in violation of the Soldiers and Sailors Relief Act is only voidable and must be attacked in the court where it was rendered. *See* 50 U.S.C. App. § 520(4); *Davidson v. General Finance Corporation,* 295 F.Supp. 878, 881 (N.D.Ga.

1968). Since the government has not consented to suit to be enjoined from honoring writs of garnishment which are predicated on void judgments, it necessarily follows that no consent has been given to suits which seek to enjoin the Navy from honoring garnishments which are predicated on voidable judgments.

4. Plaintiff does not contend that the Soldiers and Sailors Relief Act supports the assertion of jurisdiction over the Navy in this case. Indeed, such an argument would be unavailing as the Soldiers and Sailors Relief Act does not vest the federal courts with jurisdiction "to vacate or impede an order or judgment of a state court. . . ." *Davidson v. General Finance Corporation,* 295 F.Supp. 878, 881 (N.D.Ga.1968), *quoting, Radding v. Ninth Federal Savings and Loan Ass'n,* 55 F.Supp. 361, 370 (S.D.N.Y. 1944). Since the issuance of the injunction in the instant case would clearly impede a writ of garnishment issued by the state courts, the Soldiers and Sailors Relief Act does not provide a basis to hear the claim against the Navy. *See also Garrett v. Hoffman,* 441 F.Supp. 1151, 1158 (E.D.Pa.1977).

to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Although this provision "when it applies, waives sovereign immunity in 'nonstatutory' review of agency action under [28 U.S.C.] 1331," *Jaffee v. United States*, 592 F.2d 712, 718 (3d Cir. 1979), it is apparent that § 702 has no application in the instant case. As I noted earlier, plaintiff's complaint contains no allegations that he has been aggrieved by the Navy's action or inaction. Accordingly, the statutory prerequisites for judicial review under § 702 of the Administrative Procedure Act have not been satisfied.[5]

In summary, plaintiff has failed to establish that any claim he might have against the Navy is presently ripe for adjudication. Further, plaintiff has failed to overcome the bar of sovereign immunity. Accordingly, the Navy's motion to dismiss will be granted for lack of subject matter jurisdiction.[6]

■ Although Ms. Sarfaty has not appeared in this action and has not moved to dismiss, it is also apparent that there is no subject matter jurisdiction over the claim against her and I will dismiss the complaint against her also. F.R.Civ.P. 12(h)(3).

■ As long as there is an independent federal jurisdictional basis for the claim, the federal courts have jurisdiction to enjoin the enforcement of state court judgments.[7] *See* Moore's Federal Practice ¶ 60.39[1] at 652–653 [2d ed.]. While not specifically stated in the complaint, plaintiff may be attempting to invoke the general federal question jurisdiction of the feder-

5. Even if plaintiff will ultimately be able to show that he has been aggrieved by agency action or inaction, the question is raised as to whether Congress' limited waiver of sovereign immunity in 42 U.S.C. § 659, construed in light of the longstanding federal policy against interfering in domestic relations matters, "impliedly forbids" granting plaintiff the relief he seeks, with the result that judicial review is precluded under the second proviso of § 702 of the A.P.A. This issue is not presently before me and I offer no opinion as to its resolution. I only point out that plaintiff faces a formidable hurdle if he ultimately seeks to establish jurisdiction over his claim against the Navy on the basis of § 702 of the A.P.A.

6. Because plaintiff has failed to establish subject matter jurisdiction over his claim against the Navy, I do not reach the Navy's argument that plaintiff has failed to state a claim upon which relief can be granted. However, I do suggest that it is doubtful that plaintiff can state a claim. In *Garrett v. Hoffman, supra*, plaintiff sought, *inter alia*, to declare 42 U.S.C.

§ 659 invalid as applied to him because it violated his rights to due process. Although I held that plaintiff's constitutional attack on the statute presented a federal question of sufficient substance to support jurisdiction under 28 U.S.C. § 1331, I also held that the Anti-Injunction Act, 28 U.S.C. § 2283, which, in effect, prohibits federal courts from enjoining state proceedings, prohibited this court from interfering with a post-judgment writ of garnishment issued by a state court.

If I were required to reach the merits of this action, I would view *Garrett* as dispositive insofar as it holds that the Anti-Injunction Act requires dismissal under F.R.Civ.P. 12(b)(6). However, I do not consider *Garrett* as controlling on the question of jurisdiction since the issue of the government's sovereign immunity was neither raised nor considered in that case.

7. Of course the exercise of this power is subject to the statutory limitations found in the Anti-Injunction Act, 28 U.S.C. § 2283.

al courts. 28 U.S.C. § 1331. I so surmise because plaintiff alleges that the Washington judgment was entered in derogation of his rights under the Soldiers and Sailors Relief Act, and his rights to procedural due process. Further, plaintiff apparently alleges that the Washington court lacked both subject matter and *in personam* jurisdiction.

■ As noted earlier, (*see* note 4, *supra* ), a claim that a judgment has been entered in violation of the Soldiers and Sailors Relief Act does not vest the federal courts with jurisdiction to enjoin the enforcement of that judgment under 28 U.S.C. § 1331. *Davidson v. General Finance Corporation*, 295 F.Supp. 878, 880–81 (N.D.Ga.1968). Here, however, in addition to claiming a violation of the Soldiers and Sailors Relief Act, plaintiff also contends that the judgment was entered in violation of his rights to procedural due process. As a general rule, the federal courts have subject matter jurisdiction over procedural due process claims as claims arising under the Constitution. But here plaintiff has not stated even a colorable due process claim.

■ An extremely liberal reading of the complaint suggests that plaintiff is making two separate procedural due process claims. The first, contained in paragraph 6 of the complaint, is a restatement of his claim that the entry of judgment violated the Soldiers and Sailors Relief Act. Judgments entered in violation of the Act are only voidable and do not violate due process. *Id.* at 881. Thus, this claim does not provide a basis for the exercise of federal question jurisdiction. The second claim, contained in paragraph 7 of the complaint, is that "[t]he judgment was entered without the appearance of plaintiff or any other witness, and . . . was entered after defendant submitted an affidavit of facts." (Amended Complaint ¶ 7). Again, insofar as this allegation complains

of the fact that plaintiff was not present in Washington, it is a restatement of plaintiff's Soldiers and Sailors Relief Act claim. This allegation, however, can also be construed as asserting that the entry of judgment on affidavits violated plaintiff's rights to due process. If that is what plaintiff is contending, the argument is frivolous, *see* F.R.Civ.P. 56(e), and does not present a federal question sufficiently substantial to support jurisdiction under 28 U.S.C. § 1331. *See Hagans v. Lavine*, 415 U.S. 528, 536–539, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974).

■ Finally, I can perceive no jurisdictional basis to hear plaintiff's claim that the Washington state court lacked jurisdiction to hear the domestic relations matter. By seeking to enjoin Ms. Sarfaty from enforcing a state court judgment, plaintiff is making a direct, as opposed to a collateral, attack on that judgment. *Brown v. Chastain*, 416 F.2d 1012, 1013 (5th Cir. 1969). It is clear that a federal district court "possess[es] no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). In the instant case I have reviewed the opinion issued by the Washington state court.[8] The judge therein expressly concluded that there was jurisdiction over the parties and subject matter in dispute. *Sarfaty v. Sarfaty*, slip op. No. 68293 (Wash. Super.Ct., Kitsap Co., Aug. 7, 1981) (attached as Exhibit A to Plaintiff's Memorandum in support of Jurisdiction for issuance of a temporary restraining order, Document No. 4.) It is not within my power to sit as an appellate court and directly review these conclusions.

Because it is apparent that there is no independent basis of federal jurisdiction

---

8. Plaintiff supplied a copy of the opinion and judgment to the court during other proceedings in this action. I am obligated to inquire into the existence of subject matter jurisdiction. I am not limited to the pleadings alone in resolving this issue and I may consider all materials in the record. *See, e.g., International Associa-*tion of Machinists & Aerospace Workers v. Northwest Airlines, Inc.,* at 19–20, 673 F.2d 700 at 711 (3d Cir. 1982); *Tanzymore v. Bethlehem Steel Corporation,* 457 F.2d 1320, 1323 (3d Cir. 1972).

over plaintiff's claim against Ms. Sarfaty, I will also dismiss the complaint against her.