**Carl P. SCHEIDEGG**

v.

**DEPARTMENT OF the AIR FORCE OF the UNITED STATES of America; Lt. Col. Robert V. Larson; Shirley Ferguson.**

**Civ. No. 89–246–D.**

United States District Court,
D. New Hampshire.

June 30, 1989.

Carl P. Scheidegg, Nashua, N.H., pro se.

Honey Charlotte Hastings, Nashua, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

Plaintiff Carl Scheidegg brings this action to enforce provisions of the Soldiers'

and Sailors' Civil Relief Act of 1940. 50 U.S.C. App. § 501, *et seq.* (1982) ("Civil Relief Act"). In an order dated May 24, 1989, the Court referred the matter to the Magistrate to consider plaintiff's request for preliminary injunctive relief. The Magistrate has since filed a Report, to which plaintiff objects, recommending that the request for injunctive relief be denied. Although the Court's reasoning differs somewhat from that set forth by the Magistrate, the Court concurs with the Magistrate's decision that the request for preliminary injunctive relief must be denied.

### Background

Plaintiff is a lieutenant colonel in the United States Air Force. On January 5, 1989, plaintiff's former spouse, Shirley Ferguson, obtained an Order Concerning Payment of Child Support from the Hillsborough County Superior Court which compels the United States Air Force to withhold $1,500 per month from plaintiff's military pay for support of his children. *See Shirley Ferguson v. Carl Scheidegg,* No. 86–M–2103.

On January 16, 1989, plaintiff sought to vacate the January 5, 1989, Order in the superior court. Plaintiff argued, inter alia, that he was absent from court on active duty on that date and therefore the Order was invalid under the Civil Relief Act and violative of his Fourteenth Amendment due process rights. The Superior Court denied the motion to vacate on January 20, 1989. Plaintiff appealed the superior court decision to the New Hampshire Supreme Court, which declined to consider the appeal "without prejudice to raising the issues upon the conclusion of the entire case ... or by interlocutory appeal...." *See Ferguson v. Scheidegg,* 89–071, slip op. (N.H. Supreme Ct. Mar. 29, 1989). Defendant avers that as of May 30, 1989, no final

orders had yet issued in the marital case in the superior court.

In this action, plaintiff seeks declaratory and injunctive relief against the Air Force, Lt. Col. Robert V. Larson, and Shirley Ferguson to prevent garnishment of his wages for child support pursuant to the January 5, 1989, Superior Court order. Plaintiff argues in Count I of his complaint that the garnishment is illegal under the Civil Relief Act because he was not present at the hearing at which the order was entered, and in Count II that the garnishment constitutes a deprivation of property without due process of law under the Fourteenth Amendment to the United States Constitution, issues raised in the superior court and in plaintiff's appeal to the New Hampshire Supreme Court. Plaintiff seeks to enjoin the Air Force from paying the garnishment and to compel his wife to pay back the garnisheed wages until the New Hampshire courts definitively rule in his case.

### Discussion

■ Preliminary injunctive relief should only be granted if the plaintiff meets the following four conditions: (1) plaintiff will suffer irreparable harm if the preliminary relief is not granted; (2) such harm outweighs the harm the opposing party would incur if the relief is granted; (3) plaintiff is likely to prevail on the merits; and (4) the preliminary injunctive relief is in the public interest. *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981). The Court agrees with the Magistrate's conclusion that plaintiff has not made the necessary showing under factors (1), (2), and (4), and herewith adopts his reasoning.[1] However, the Court chooses to separately address the issue of plaintiff's likelihood of success on the merits.

■ The Court finds that plaintiff is unlikely to succeed on the merits because it

---

1. The Court makes the following additional observation with respect to factor (1). Plaintiff argues that he will suffer irreparable harm if the injunction is not granted because the Air Force is withholding $1,500 per month from his pay, rather than the $900 wage assessment he was making prior to the order. The Magistrate correctly states that pecuniary loss does not

constitute irreparable harm. The Court further notes that the $900 was paid in contravention of a superior court order dated October 13, 1987, and renewed on November 28, 1988, which required plaintiff to pay $1,500 per month in support. Thus, if plaintiff is incurring a pecuniary loss, it is only because his previous actions were in violation of a superior court order.

appears that the Court does not have subject matter jurisdiction over this action. Plaintiff invokes the Court's jurisdiction under 28 U.S.C. § 1331 and § 1346. These sections do not provide a substantive basis of the court's jurisdiction, but confer jurisdiction where a substantive right exists under a federal statute or the Constitution. *See DeVilbiss v. SBA*, 661 F.2d 716, 718 (8th Cir.1981).

■ Plaintiff relies on the Civil Relief Act, specifically sections 520(3) and (4), as the substantive basis of the Court's jurisdiction.[2] The Civil Relief Act grants jurisdiction to both federal and state courts, *see* 50 U.S.C. App. § 512(1);[3] *see also Davidson v. General Finance Corp.*, 295 F.Supp. 878, 880 (N.D. Ga.1968). However, "[n]o right or jurisdiction [is] vested by the Act in federal district courts to vacate or impede an order or judgment of a state court or to interfere with the exercise by a state court of the jurisdiction conferred on it by the Act." *Id.* at 880 (quoting *Radding v. Ninth Fed'l Sav. & Loan Ass'n of N.Y. City*, 55 F.Supp. 361, 370 (S.D.N.Y.1944)).

In the instant case, plaintiff insists he is not attempting to collaterally attack the superior court's decision by bringing the instant action. However, the Court finds that an injunction prohibiting garnishment will impermissibly interfere with the state court's order in the underlying state proceeding. *See Sarfaty v. Sarfaty*, 534 F.Supp. 701, 704 (E.D.Pa.1982). The factual circumstances in *Sarfaty* are almost identical to the instant case.

In *Sarfaty*, a Washington state court had entered judgment in a domestic relations matter against Dennis Sarfaty while he was stationed in military service out of state. Contending that entry of that judgment violated his rights under the Civil Relief Act and his Fourteenth Amendment right to due process of law, Sarfaty sought to enjoin the Department of the Navy from garnishing his pay as a result of the judgment.

Because no writ of garnishment had yet issued, the Court dismissed the claim for lack of ripeness. However, in dicta, the court made the following observation:

> Plaintiff does not contend that the Soldiers and Sailors Relief Act supports the assertion of jurisdiction over the Navy in this case. Indeed, such an argument would be unavailing as the Soldiers and Sailors Relief Act does not vest the federal courts with jurisdiction "to vacate or impede an order or judgment of a state court...." Since the issuance of the injunction in the instant case would clearly impede a writ of garnishment issued by the state courts, the Solders and Sailors Relief Act does not provide a basis to hear the claim against the Navy.

*Sarfaty, supra*, 534 F.Supp. at 704 n. 4 (citations omitted).

---

**2.** The relevant portions of 50 U.S.C. App. § 520 provide:

> (3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act [sections 501 to 591 of this Appendix] to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.
>
> (4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto,

> such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof....

**3.** 50 U.S.C. App. 512(1) provides in relevant part:

> The provisions of this Act ... shall apply to the United States, the several States and Territories, ... and to proceedings commenced in any court therein....
>
> "The term 'court' as used in this Act [said sections], shall include any court of competent jurisdiction of the United States or of any State, whether or not a court of record." 50 U.S.C. App. § 511(4).

The same may be said of the instant case. Plaintiff seeks "declaratory and injunctive relief to prevent the Department of the Air Force from continuing to garnish his wages, and to require his estranged wife, Shirley Ferguson, to disgorge previously received garnishments and return the same to the Department of the Air Force, until such time as Plaintiff has been given fair hearing in the [New Hampshire state courts]." Complaint ¶ 2. Such relief would interfere with the state court writ of garnishment and thus the Civil Relief Act does not provide a basis for this federal court to hear the claim. *See Radding, supra,* 55 F.Supp. at 370 (federal court has no "authority to interfere with state courts in the exercise of jurisdiction under the [Civil Relief] Act").

Plaintiff also argues that the "patently illegal garnishment" is a "per se due process violation" under the Fourteenth Amendment, Complaint ¶ 18, and that he was deprived of his property without a "full and fair opportunity to litigate." *Id.* ¶ 25.

Generally speaking, federal courts have subject matter jurisdiction under 28 U.S.C. § 1331 over procedural due process claims. *See Sarfaty, supra,* 534 F.Supp. at 706. However, plaintiff's allegations essentially restate plaintiff's claim under the Civil Relief Act. "Judgments entered in violation of the [Civil Relief] Act are only voidable and do not violate due process." *Id.* (citing *Davidson, supra,* 295 F.Supp. at 881). Moreover, the Act provides that judgments made in violation of the Act are subject to attack only in the court which rendered the judgment. *See* 50 U.S.C. App. § 520(4). "If this court were to hold that actions in violation of the Act were void in their entirety permitting federal courts to hear collateral attacks on judgments in state courts, § 520(4) would be severely undercut." *Davidson, supra,* 295 F.Supp. at 881.

In sum, the Court finds and rules that plaintiff has not met his burden of demonstrating the four factors necessary to obtain preliminary injunctive relief. Accordingly, plaintiff's motion for temporary restraining order (document no. 2) is herewith denied.

SO ORDERED.