915 F.2d 1558
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carl P. SCHEIDEGG, Plaintiff, Appellant,
v.
DEPARTMENT OF THE AIR FORCE, et al., Defendants, Appellees.
 No. 90-1127.
 United States Court of Appeals, First Circuit.
 Sept. 28, 1990.
 
 Appeal from the United States District Court for the District of New Hampshire; Shane Devine, District Judge.
 Carl P. Scheidegg, on brief pro se.
 Honey Charlotte Hastings and Elizabeth Cazden on brief, for appellee Ferguson.
 D.N.H.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment of the district court is affirmed substantially for the reasons stated in the district court's November 6, 1989 order.
 
 
 2
 We note, in addition, that we agree with plaintiff-appellant Carl Scheidegg's contention on appeal that his district court complaint might be read to assert a claim under 42 U.S.C. Sec. 659 against the Department of the Air Force and Lt. Col. Robert V. Larson, its employee, to enjoin further garnishment of Scheidegg's wages in the future. The district court did not fully discuss this claim in its November 6, 1989 order. Accordingly, we undertake a discussion of this claim here, and conclude that the district court's dismissal of Scheidegg's complaint was correct.
 
 
 3
 As an initial matter, defendant-appellee Shirley Ferguson states in her brief on appeal that "plaintiff has made no effort to serve either the Department of the Air Force or Lt. Col. Larson, despite this lack of service being cited repeatedly in defendant Ferguson's pleadings.... The federal defendants did not participate in any way in the district court action...." The record supports this assertion, and Scheidegg has said nothing to dispute it or to suggest good cause for failure of service. Accordingly, it would appear that Scheidegg's claim against the two federal defendants was subject to dismissal without prejudice for failure of service under Fed.R.Civ.P. 4(j).
 
 
 4
 In any event, Scheidegg's claim against the two federal defendants also was subject to dismissal on the merits. Scheidegg brings this claim under 42 U.S.C. Sec. 659, which permits garnishment of the wages of federal employees for the enforcement of state court orders creating obligations to provide child support or make alimony payments. Section 659(f) states,
 
 
 5
 Neither the United States, any disbursing officer, nor government entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section.
 
 
 6
 It is well-settled that Scheidegg cannot bring suit in federal court under Sec. 659 to enjoin the federal defendants from garnishing his wages on the theory that the underlying state child support order is invalid. See, e.g., Overman v. United States, 563 F.2d 1287 (8th Cir.1977); Sarfaty v. Sarfaty, 534 F.Supp. 701 (E.D.Pa.1982). "Section 659 was never intended as a peg on which to hang by a bootstrap all of the domestic relations disputes involving federal employees." Overman, supra, 563 F.2d at 1292. However, Scheidegg also makes the separate and independent argument that section 659 does permit the recovery from the United States of payments made out of wages garnished pursuant to legal process that is not "regular on its face" under Sec. 659(f). Although Scheidegg does not seek recovery of past payments from the federal defendants, he argues that if such recovery is authorized by Sec. 659 then a prospective injunction against future payments out of garnished wages must also be available.
 
 
 7
 Scheidegg further points to the regulations implementing Sec. 659, which provide, inter alia,
 
 
 8
 Where notice is received that the obligor has appealed either the legal process or the underlying alimony and/or child support order, payment of moneys subject to the legal process shall be suspended until the governmental entity is ordered by the court, or other authority, to resume payments. However, no suspension action shall be taken where the applicable law of the jurisdiction wherein the appeal is filed requires compliance with the legal process while an appeal is pending.
 
 
 9
 5 C.F.R. Sec. 581.305(a)(6). Thus, Scheidegg asserts, he is entitled to prospective injunctive relief under Sec. 659 not only because the state court child support order was not regular on its face, but also because he has appealed that order to the New Hampshire Supreme Court.
 
 
 10
 We need not decide the apparently open questions whether Sec. 659 creates any federal cause of action, waiving sovereign immunity, for damages or for an injunction against the federal government's garnishment of an employee's wages pursuant to a state child support order. Compare United States v. Morton, 467 U.S. 822 (1984) (assuming that a federal employee could recover from the federal government wages garnished pursuant to state process that was not "regular on its face," but holding that the state process in the case at bar was regular on its face despite the state court's lack of personal jurisdiction), with Overman, supra, 563 F.2d at 1291-92 (Sec. 659 does not waive sovereign immunity or authorize an employee to sue the federal government to recover garnished wages; refusing to imply any waiver in a suit where the employee sought to challenge the validity of the underlying state divorce decree), and Sarfaty, supra, 534 F.Supp. at 704 (section 659 "does not vest subject matter jurisdiction in the federal courts to hear actions seeking to enjoin the enforcement" of writs of garnishment). We bypass these issues because we can readily affirm the dismissal of Scheidegg's claim on the merits. Norton v. Mathews, 427 U.S. 524, 530-32 (1976). In doing so we do not, of course, intimate any views as to the substance of these issues.
 
 
 11
 Scheidegg does not point to any circumstance that would render the state child support and wage garnishment order not "regular on its face." Even assuming, arguendo, that the violations of the Soldiers' and Sailors' Civil Relief Act alleged by Scheidegg rendered the order voidable in state court, they do not render it void or irregular on its face. Sarfaty, supra, 534 F.Supp. at 704 n. 3; Davidson v. General Finance Corp., 295 F.Supp. 878, 881 (N.D.Ga.1968). Similarly, no violation of federal due process appears on the very face of the order. The mere circumstance that Scheidegg was absent at the January 5, 1989 hearing certainly does not, without analysis of all the circumstances, render the order ipso facto improper.
 
 
 12
 Secondly, we see no merit to the argument that the federal defendants should not have complied with the state order pursuant to 5 C.F.R. Sec. 581.305(a)(6) because of Scheidegg's state court appeal. Section 581.305(a)(6) expressly states that federal garnishment shall not be suspended pending appeal where applicable state law "requires compliance with the legal process while an appeal is pending." In the instant case, we conclude that Scheidegg in fact was required by the New Hampshire courts to comply with the child support and garnishment order pending appeal.
 
 
 13
 Scheidegg relies on N.H.Rev.Stat. Sec. 458-B:4(II) to show otherwise. That reliance is misplaced. That statute states, "Where wage assignment is contested by the obligor, the payee or his legal representative may not implement said wage assignment until a judicial determination is made." In the instant case, a "judicial determination" has been made by the New Hampshire Superior Court. Section 458-B:4(II) has no relevance to the question of compliance with that judicial determination pending appeal.
 
 
 14
 Scheidegg further points to Rule 74 of the Rules of the New Hampshire Superior Court. Rule 74 states that once the Superior Court has entered a verdict or decree, "all appeals relating to the action shall be deemed waived and final judgment shall be entered" unless a timely notice of appeal has been filed. If a timely appeal to the New Hampshire Supreme Court is taken, the Superior Court decree does not go to final judgment. Douglas, 3 New Hampshire Practice Sec. 319, at 302 (1982). However, contrary to Scheidegg's apparent assumption, this does not mean that all provisions of Superior Court orders are stayed and held in abeyance upon filing of a timely appeal. The Superior Court may order otherwise or may order that, if the final decree does not take effect, a prior temporary decree shall remain in effect. Nicolazzi v. Nicolazzi, 131 N.H. 694, 696, 559 A.2d 1335, 1337 (1989); Rollins v. Rollins, 122 N.H. 6, 9-10, 440 A.2d 438, 440-41 (1982); Hille v. Hille, 116 N.H. 109, 112, 352 A.2d 703, 706 (1976).
 
 
 15
 The Superior Court did so here. In its June 6, 1989 final decree, the Superior Court directed that its prior temporary order providing for child support would remain in effect pending appeal. Moreover, the Superior Court subsequently issued an order dated November 4, 1989--after the filing of Scheidegg's notice of appeal to the Supreme Court on August 11, 1989--holding Scheidegg in contempt for failure to pay the full amount of child support and stating that "[t]he Order Concerning Wage Assignment submitted for the Court's use, shall be incorporated herein and attached hereto so that it may be forwarded to the U.S. Air Force for implementation." Obviously, the New Hampshire Superior Court considered the child support order and wage assignment to be fully effective pending appeal. According to appellee Ferguson, Scheidegg appealed the November 4, 1989 order to the New Hampshire Supreme Court, which has yet to act. At least as the matter now stands, therefore, there can be no dispute that "the applicable law of the jurisdiction wherein the appeal is filed [i.e., New Hampshire] requires compliance with the legal process while an appeal is pending."
 
 
 16
 For the reasons we have stated, Scheidegg's complaint was properly dismissed. Helvering v. Gowran, 302 U.S. 238, 245 (1937) (court of appeals can affirm on any ground presented by the record).
 
 
 17
 The judgment of the district court is affirmed.